OPINION OF THE COURT
Melchor E. Castro, J.
In this small claims action, plaintiff asserts a cause of action under the Telephone Consumer Protection Act (47 USC § 227 [c] [5]). The evidence showed that on December 27, 1997 and April 11, 1998, plaintiff received telephone solicitations from defendant’s telemarketing department, despite the fact that, within the preceding 12 months, he had requested that his *645 name be placed on the defendant’s do-not-call list. Plaintiff also alleges that, despite his numerous requests, defendant failed to supply him with a copy of its do-not-call policy.
The Telephone Consumer Protection Act created a private right of action for residential telephone subscribers who received more than one telephone call within a 12-month period by or on behalf of an entity that failed to honor the subscriber’s request not to receive telephone solicitation calls from the entity. The Act placed exclusive jurisdiction over this cause of action in the State courts (International Science & Technology Inst. v Inacom Communications, 106 F3d 1146).* An exhaustive review of this State’s statutory and regulatory law reveals no authority granted to commence an action under this Act. The only similar State provision is found in General Business Law § 399-p, which, inter alia, created a private cause of action for the unlawful use of automatic dialing devices or a telemarketer’s failure to identify himself or herself, or the purpose of his or her call. That section does not grant authority to bring an action under the Federal statute.
The complaint is therefore dismissed.

 In pertinent part, 47 USC § 227 (c) (5) reads as follows:
“(5) Private right of action
“A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
“(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
“(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
“(C) both such actions.” (Emphasis added.)