730 A.2d 870

PUBLIC SERVICE ELECTRIC AND GAS COMPANY, PLAINTIFF–
RESPONDENT, v. EARL W. WERLINE, III, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 12, 1999—Decided June 10, 1999.

Before Judges STERN, LANDAU and BRAITHWAITE.

*Earl W. Werline, III*, appellant pro se.

*Patrick R. Westerkamp*, Associate General Attorney, attorney for respondent.

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

Defendant Earl W. Werline, III, a citizen of the United States, filed a complaint with the United States Department of Justice, Executive Office for Immigration Review, charging his employer, plaintiff Public Service Electric and Gas Company (PSE & G), with an unfair immigration-related employment practice. *See* 8 *U.S.C.A.* § 1324b. PSE & G moved to dismiss defendant's complaint and the Administrative Law Judge (ALJ), to whom the matter was assigned, granted the motion. The ALJ found that defendant's complaint was "without foundation in law and fact" and, in addition to dismissing defendant's complaint, also awarded

PSE & G counsel fees of $512 pursuant to 8 U.S.C.A. § 1324b(h). Defendant did not appeal the ALJ's decision to the court of appeals. *See* 8 *U.S.C.A.* § 1324b(i).

PSE & G then commenced this action in the Law Division, Special Civil Part, to collect the counsel fees. Defendant argued that he had a meritorious defense and also urged that PSE & G "would have to go on to the federal district court to have the attorneys' fees actually awarded from the Administrative Law Judge and that never happened." The judge rejected defendant's argument and entered judgment in favor of PSE & G for $512. Defendant now appeals and contends that the trial judge erred in failing to set forth findings of fact and conclusions of law in entering judgment in favor of PSE & G.

While this appeal was pending, we asked PSE & G to set forth its position as to whether the Superior Court had jurisdiction to enforce the ALJ's award of counsel fees. It responded by stating that our courts had jurisdiction to enforce counsel fee awards under the federal statute and that the enforcement provision contained in 8 *U.S.C.A.* § 1324b(j), directing petitions to the United States district court, applies only to actions "by the Special Counsel for immigration-related unfair employment practices, or the charging party." In this case defendant is the charging party. PSE & G's position is that enforcement of an "ALJ's order remediating discrimination" would be sought in the district court, but that counsel fees awarded because of frivolous claims could be enforced in state courts. It reasoned that "[w]hile Congress clearly wanted the federal courts available to assist with remediating discrimination, it apparently had no interest in assisting respondents with collection activities which are traditionally the province of state courts."

We reject PSE & G's position and conclude that the Superior Court does not have jurisdiction over PSE & G's claim. PSE & G should have sought relief in the United States district court. We therefore reverse and vacate the judgment.

Pursuant to 8 *U.S.C.A.* § 1324b(h), the ALJ may award the "prevailing party ... a reasonable attorneys' fee, if the losing party's argument is without reasonable foundation in law and fact." The award of counsel fees, just as any other adverse final order of the ALJ, may be appealed to "the United States court of appeals for the circuit in which the violation is alleged to have occurred or in which the employer resides or transacts business." 8 *U.S.C.A.* § 1324b(i). Here, defendant failed to appeal the order awarding counsel fees to PSE & G.

Had defendant appealed the order, the circuit court would: have had "exclusive" jurisdiction, 8 *U.S.C.A.* § 1324b(i)(2), and the court, if it did not reverse the counsel fee order, would have had the jurisdiction to enforce the order. 8 *U.S.C.A.* § 1324b(j)(3).

If an order by the ALJ is not appealed, then enforcement jurisdiction is in "the United States district court for the district in which a violation of the order is alleged to have occurred, or in which the respondent resides or transacts business." 8 *U.S.C.A.* § 1324b(j)(1). In such an enforcement proceeding, the order of the ALJ "shall not be subject to review." § 1324b(j)(2). The statute, however, contemplates enforcement only in those situations when an unfair immigration-related employment practice is found by the ALJ and no appeal to the circuit court is taken. We reach this result because the statute only provides for the Special Counsel or the person filing the charge to petition the district court for enforcement of the ALJ's order.

Although 8 *U.S.C.A.* § 1324(j) confers upon the district court exclusive jurisdiction to enforce an ALJ's order when a violation of 8 *U.S.C.A.* § 1324b is found by the ALJ, it does not specifically mention counsel fees and does not mention the scenario here, where counsel fees have been awarded to the respondent. We have no doubt that had defendant's claim prevailed before the ALJ and counsel fees been awarded to him, he would have been required to seek enforcement of the order, including counsel fees, in the district court. Likewise, had defendant appealed the award of counsel fees to the circuit court and lost his appeal, the circuit

court would have had exclusive jurisdiction to enforce the counsel fees awarded to PSE & G.

Given this statutory scheme, we conclude that our courts do not have jurisdiction over PSE & G's claim. "[S]tate courts of general jurisdiction have the power to exercise jurisdiction over cases arising under the Constitution, laws or treaties of the United States unless this power is expressly taken away by Congress." *Bennun v. Board of Governors of Rutgers,* 413 F.Supp. 1274, 1279 (D.N.J.1976). Thus, state and federal district courts share jurisdiction over cases arising under federal statutes unless Congress determines otherwise. *J.H.R. v. Board of Educ.,* 308 *N.J.Super.* 100, 115, 705 *A.*2d 766 (App.Div.1998). The grant of exclusive federal jurisdiction must be either express or implied. *Tafflin v. Levitt,* 493 U.S. 455, 458–59, 110 *S.Ct.* 792, 795, 107 *L.Ed.*2d 887, 895 (1990).

"8 *U.S.C.A.* § 1324b ... was enacted as an amendment to the Immigration and Nationality Act." *General Dynamics Corp. v. United States,* 49 *F.*3d 1384, 1385 (9th Cir.1995). Congress has exclusive authority over matters involving naturalization and immigration. *U.S. Const.* art. I, § 8, cl. 4. Pursuant to 8 *U.S.C.A.* §§ 1103 and 1104, administration and enforcement of the immigration and naturalization laws has been delegated to the United States Attorney General and Secretary of State. The federal courts enjoy exclusive jurisdiction over review of matters arising under the immigration and naturalization laws. *See* 8 *U.S.C.A.* §§ 1252, 1329, 1324b(i), 1447.

"Congress has created an exclusive scheme for the administration of immigration and naturalization." *In re Adoption of a Child by L.C. and E.R.C.,* 85 *N.J.* 152, 165, 425 *A.*2d 686 (1981). As such, "[c]ontrol over immigration and naturalization is entrusted exclusively to the federal government, and a state has no power to interfere." *Nyquist v. Mauclet,* 432 *U.S.* 1, 10, 97 *S.Ct.* 2120, 2126, 53 *L.Ed.*2d 63, 71 (1977) (citing *U.S. Const.* art. I, § 8, cl. 4).

Here, PSE & G's right to receive counsel fees arose under the immigration and naturalization laws, an area in which federal jurisdiction is plenary. As such, there is an implied grant of exclusive federal jurisdiction. The fact that the statute is silent with respect to which court a respondent awarded counsel fees may go to for enforcement does not create concurrent jurisdiction. The overall statutory scheme provides for appellate review and enforcement in the federal courts. Clearly, had defendant been awarded counsel fees, he would have been required to seek enforcement in the district court, or the circuit court if PSE & G had filed an unsuccessful appeal.

Recognizing the language cited by PSE & G that authorizes enforcement actions by the Special Counsel or the "person filing the charge" does not lead us to the conclusion that PSE & G can choose its forum for enforcement of its counsel fee award. Requiring PSE & G to proceed in the district court for enforcement is more consistent with the overall scheme of the statute.

To hold otherwise creates an inconsistent circumstance that we do not believe Congress intended. Undoubtedly, an award of counsel fees, like any other order by the ALJ, may be appealed to the circuit court by "any person aggrieved by such final order...." 8 *U.S.C.A.* § 1324b(i). Thus, a person filing a complaint without reasonable foundation in law and fact or a respondent asserting a baseless defense are both subject to the imposition of counsel fees with the same right to appeal. Yet, one party, the person filing the charge, would be required by the statute to seek enforcement in the district court, while a respondent, if PSE & G's position is correct, could proceed in either a state court or the district court. We cannot perceive that Congress intended such a result.

In light of the plenary federal jurisdiction over all aspects of immigration and naturalization, we conclude that there is an implied grant of exclusive federal jurisdiction in the circumstances presented here. Accordingly, our courts do not have jurisdiction

over PSE & G's counsel fee award allowed under 8 *U.S.C.A.* § 1324b(i).

The judgment appealed from is reversed for lack of jurisdiction.