■ MARTIN C. KAPLAN, Appellant, v DEMOCRAT AND CHRONICLE, Respondent. [698 NYS2d 799] —Order and Judgment unanimously reversed on the law with costs, claim reinstated and matter remitted to Rochester City Court for further proceedings in accordance with the following Memorandum: Claimant brought a small claims action to enforce rights created by the Telephone Consumer Protection Act of 1991 ([TCPA] 47 USC § 227). Claimant testified at trial that defendant made three telephone calls to his residence, in violation of TCPA and regulations promulgated thereunder, for the purpose of soliciting newspaper subscriptions. Rochester City Court, Small Claims Part, dismissed the claim after trial on the ground that there is no New York authority for the commencement of an action under TCPA in a State court. On appeal, County Court properly held that City Court erred in dismissing the claim on that ground. TCPA creates a private right of action and confers jurisdiction upon State courts (47 USC § 227 [b] [3]). In the absence of a State statute declining to exercise the jurisdiction authorized by the statute, a State court has jurisdiction over TCPA claims (*see, International Science & Technology Inst. v Inacom Communications,* 106 F3d 1146, 1158). New York has not refused to exercise such jurisdiction, and thus City Court should not have dismissed the claim.

County Court erred, however, in nevertheless affirming the judgment dismissing the claim on the ground that claimant failed to demonstrate actual monetary loss or specific damages resulting from defendant's telephone solicitations. TCPA provides for an action to "recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater" (47 USC § 227 [b] [3] [B]).

We conclude that the alternative remedy provided by the statute of up to $500 in damages for each violation is punitive rather than compensatory and that claimant therefore was not required to prove actual damages in order to recover (*see, Kenro, Inc. v Fax Daily*, 962 F Supp 1162, 1166-1167; *Forman v Data Transfer*, 164 FRD 400, 404). The legislative history of TCPA indicates that the statute was intended to provide a remedy to consumers for telemarketing abuses, and to encourage consumers to sue and obtain monetary awards based on a violation of the statute (*see,* 137 Cong Rec S16204). Because "actual monetary losses from telemarketing abuses are likely to be minimal" (*Erienet, Inc. v Velocity Net,* 156 F3d 513, 515), a statutory penalty is necessary to provide incentive for consumers to enforce the statute. The penalty need not be measured by the loss incurred by claimant where it is imposed as a punishment for the violation of a public law (*see, St. Louis, Iron Mtn. & S. Ry. Co. v Williams,* 251 US 63, 66-67). We therefore reverse the order and judgment, reinstate the claim and remit the matter to Rochester City Court for a determination on the merits. We have considered claimant's remaining contentions and conclude that they lack merit. (Appeal from Order of Monroe County Court, Marks, J.—Small Claims.) Present—Green, J. P., Lawton, Hayes, Hurlbutt and Balio, JJ. [*See,* 178 Misc 2d 644.]