OPINION OF THE COURT
Roy Wheatley King, J.
In this small claims action, plaintiff seeks a money judgment for alleged violations of the Telephone Consumer Protection Act of 1991 (47 USC § 227 [b] [1] [B] [TCPA]), Federal Com *26 munications Commission implementing regulations (47 CFR 64.1200 et seq.) and General Business Law § 399-p (3) (a). At the trial de novo held in this matter on November 22, 1999, plaintiff testified that on June 14, 1999, he received a telephone call at his residential telephone line that was delivered to his telephone answering' machine. The telephone call was a mortgage loan solicitation. The person making the solicitation identified himself as “The Mortgage Man” and stated his telephone number to be (716) 338-1804. No address was supplied at the end of the message and the caller did not give his identity. Plaintiff called the number given more than one time and each time an answering machine recording played, identifying defendant First City Mortgage as the party at that number. Defendant Stephen R. Mills (Mills), who filed a doing business as First City Mortgage with the Monroe County Clerk’s Office, admitted that he made the telephone call and acknowledged the accuracy of the tape-recorded message played at trial. Mills testified that he was unaware of the laws governing telemarketing, except that he must honor a specific “do not call” request that is in writing. He further acknowledged that the device used to make the telephone call is a computer that contains telephone numbers stored on a disk; he purchased the software used from TNG Systems, Inc.
It is settled law that TCPA creates a private right of action based upon a violation of the statute or the regulations promulgated thereunder and confers jurisdiction upon State courts (47 USC § 227 [b] [3]) and, in the absence of a State statute refusing to exercise the jurisdiction conferred by the statute, a State court has jurisdiction over TCPA claims (see, Kaplan v Democrat & Chronicle, 266 AD2d 848 [4th Dept 1999]). Because New York has not refused to exercise jurisdiction, this court has jurisdiction over plaintiff’s TCPA claim (supra). Indeed, it appears that State courts have exclusive jurisdiction over a cause of action created by TCPA (see, Foxhall Realty Law Offs, v Telecommunications Premium Servs., 156 F3d 432, 434; accord, Nicholson v Hooters of Augusta, 13 6 F3d 1287, 1288; Chair King v Houston Cellular Corp., 131 F3d 507, 509; International Science & Technology Inst. v Inacom Communications, 106 F3d 1146, 1150; but see, Kenro, Inc. v Fax Daily, 904 F Supp 912, 915).
Section 227 (b) (1) (B) of the TCPA provides in relevant part the following:
“(b) Restrictions on the use of automated telephone equipment
*27 “(1) Prohibitions
“It shall be unlawful for any person within the United States * * *
“(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party” (47 USC § 227 [b] [1] [B]).
Additionally, in furtherance of the directive contained in TCPA § 227 (b) (2) that the Federal Communications Commission (FCC) prescribe rules and regulations that are designed “to implement the requirements of this subsection,” the FCC prescribed rules and regulations restricting telephone solicitations (see, 47 CFR 64.1200 et seq.). Plaintiff claims that defendants’ solicitation violated 47 CFR 64.1200 (d) (1), which states in relevant part the following:
“[a]ll artificial or prerecorded telephone messages delivered by an automatic telephone dialing system shall * * *
“ [a]t the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call.”
General Business Law § 399-p also places restrictions on the use of automatic dialing-announcing devices and placement of consumer calls in telemarketing. Insofar as it is relevant here, it provides as follows:
“3. Whenever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following:
“(a) state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law” (General Business Law § 399-p [3] [a]).
Plaintiff’s trial testimony and the admission made by defendant Mills at trial concerning the telephone call that is the subject of this small claims action sufficiently establishes a violation of TCPA § 227 (b) (1) (B) in that Mills initiated a telephone call to plaintiff’s residential telephone line, without plaintiff’s express consent, using a prerecorded voice to make a mortgage loan services solicitation. The court rejects defendants’ claim that plaintiff may be deemed to have given his express consent merely by the fact that his telephone number is published in the telephone directory. The proof fur *28 ther establishes that Mills failed to state clearly the correct business entity making the prerecorded telephone message, in violation of 47 CFR 64.1200 (d) (1). The identification “The Mortgage Man,” which was given at the beginning of the message, was not an accurate identification of the actual business entity making the call. Finally, the proof sufficiently establishes that Mills failed to state the address of the business making the telephone solicitation in the message, in violation of General Business Law § 399-p (3) (a).
The court must next determine the amount, if any, of damages to which plaintiff is entitled as a result of these violations. Initially, the court notes that, at the time he filed his demand for a trial de novo, plaintiff also “moved” informally to increase his demand for damages from $500 to $550. Defendants opposed the motion, stating that they would be prejudiced by the lateness of the motion. The court concludes that defendant would not be prejudiced inasmuch as they were on notice of plaintiffs intention to request additional damages of $50. Therefore, the court grants the motion to increase the demand from $500 to $550.
Section 227 (b) (3) (B) of the TCPA provides for an action “to recover actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater” (47 USC § 227 [b] [3] [B]). The Appellate Division, Fourth Department, has recently held that “the alternative remedy provided by the statute of up to $500 in damages for each violation is punitive rather than compensatory and that claimant therefore was not required to prove actual damages in order to recover” (Kaplan v Democrat & Chronicle, 266 AD2d 848, 849, supra, citing Forman v Data Transfer, 164 FRD 400, 404). That Court observed that the legislative history of the statute demonstrates that it was intended to provide a remedy to consumers who are subjected to telemarketing abuses and “to encourage consumers to sue and obtain monetary awards based on a violation of the statute” (Kaplan v Democrat & Chronicle, supra, at 849). It further observed that, because the actual monetary loss is likely to be quite low, it was necessary to provide, in addition, a statutory penalty in order to encourage such lawsuits by consumers and such penalty “need not be measured by the loss incurred by claimant where it is imposed as a punishment for the violation of a public law” (supra, at 849).
General Business Law § 399-p (9) also provides for damages to be awarded to a person aggrieved by a violation of the stat *29 ute. The statute allows recovery" of “actual damages or fifty dollars, whichever is greater, or both such actions” (General Business Law § 399-p [9]).
In this action, plaintiff offered no proof of actual monetary loss as a result of the unsolicited telephone call by defendants. Nonetheless, this court concludes that plaintiff is entitled to damages of $500 for the TCPA violation. Plaintiff, however, is not entitled to an additional award of $500 for the violation of the Federal implementing regulation absent a demand therefor. Plaintiff’s contention that he should not be penalized for not being well versed in the law at the time of filing his demand for $500 is unconvincing and unavailing. Similarly unconvincing is plaintiff’s claim that he should be entitled to the additional award because he discovered the possibility of the dual recovery only after considerable “post-filing” research. At the time he filed his demand for a trial de novo, plaintiff stated an intention to move to amend his complaint to seek additional damages of $50 (presumably for the General Business Law claim), which the court has allowed him to do. He also had the opportunity at that time to seek additional damages for the violation of the Federal implementing regulations. Even assuming arguendo that the court had the authority to award damages for both the statutory and regulatory violations arising out of one telephone solicitation, the court concludes that it would be unfair and prejudicial to defendant to allow plaintiff to amend his complaint to seek additional damages of $500 for the regulatory violation at this juncture, i.e., posttrial. The court further concludes, however, that plaintiff is entitled to damages of $50 for the General Business Law violation.
Both the Federal and State statutes also grant the court discretionary authority to award treble damages if the court finds “the defendant willfully or knowingly violated” the statutory provisions (47 USC § 227 [b] [3]; General Business Law § 399-p [9]). Neither statute, however, requires the court to award treble damages even if it finds that the violation was willful or knowing. Moreover, neither statute defines either term, although both contain a general definition section (47 USC § 227 [a] [l]-[4]; General Business Law § 399-p [1] [a]-[e]).
When a word is not defined by statute, the courts will customarily construe it in accord with its ordinary and natural meaning (see, Smith v United States, 508 US 223, 228; Perrin v United States, 444 US 37, 42). Black’s Law Dictionary defines the term “willful” to be
“[proceeding from a conscious motion of the will; voluntary; knowingly; deliberate. Intending the result which actually *30 comes to pass; designed; intentional; purposeful; not accidental or involuntary.
“Premeditated; malicious; done with evil intent, or with a bad motive or purpose, or with indifference to the natural consequences; unlawful; without legal justification” (Black’s Law Dictionary 1599 [6th ed 1990]).
The word “knowingly” is defined to be “[w]ith knowledge; consciously; intelligently; willfully; intentionally. An individual acts ‘knowingly’ when he acts with awareness of the nature of his conduct” (Black’s Law Dictionary 872 [6th ed 1990]). The dictionary defines the phrase “knowingly and willfully” in reference to a violation of a statute to mean “consciously and intentionally” (Black’s Law Dictionary 872 [6th ed 1990]).
Plaintiff acknowledges the definitions of those terms contained in Black’s Law Dictionary and also makes reference to other provisions in title 47 of the United States Code where the terms are defined. This court declines to “borrow” the statutory definitions inasmuch as it is clear that had Congress intended to give the terms a different meaning from the ordinary and natural meaning in section 227, it would have so provided, especially since it did so provide in other sections of title 47. In any event, as plaintiff notes, the statutory definitions are similar to the dictionary definitions. This court, applying the ordinary and natural meaning to the terms, declines to award treble damages because plaintiffs proof failed to establish sufficiently that defendants willfully or knowingly violated the statutory provisions. Additionally, the court accepts the testimony of defendant Mills that he was not aware of the statutory restrictions concerning telemarketing, that he simply used the script provided by TNG Systems, from whom he purchased the machine, and that if a person called complains, he removes that person’s name from his list; defendant’s actions indicate that the statutory violation was not willful or knowing; it was innocent, unintentional, unknowing, and not reckless. Moreover, even if the court accepts plaintiffs definition of what “willful” or “knowing” conduct is, the court would not find that defendant’s violation was willful or knowing. Finally, even if the court concluded that plaintiff established that the violation was willful or knowing, it would decline to exercise its discretion to award treble damages in this matter because it does not believe it would be warranted under the facts of this case.
Thus, the court awards damages to plaintiff in the sum of $550, with interest at the statutory rate of 9% from the date of *31 this decision (see, CPLR 5002, 5004). As noted by the Appellate Division, Fourth Department, in Kaplan v Democrat & Chronicle (supra), the award is punitive in nature. It is well settled that a party cannot recover interest on a punitive damage award for any period prior to the date of the trial court’s decision (see, Deborah S. v Diorio, 160 Misc 2d 210, 211; see also, McIntyre v Manhattan Ford, Lincoln-Mercury, 176 Misc 2d 325, 334; Siegel, NY Prac § 411, at 664-667 [3d ed]).
Lastly, the court must determine whether plaintiff is entitled to judgment against both defendants. The court concludes that he is and that the parties are jointly and severally liable. However, the caption of the action must be amended because plaintiff proceeded against an improperly named party. Plaintiff commenced this action against First City Mortgage and Mills. It is undisputed that Mills filed a certificate doing business as First City Mortgage. It is clear that the relevant provisions of TCPA and General Business Law claims authorize a private action against an individual and thus plaintiff is entitled to a judgment for $550 against Mills in his individual capacity. The trade name First City Mortgage, however, is not a proper party to an action in New York and therefore the caption of the action is amended pursuant to UCCA 1814 to designate the first-named defendant to be “Stephen R. Mills doing business as First City Mortgage” (see, Patel v MacArthur, 137 Misc 2d 104, 105) and plaintiff is entitled to a judgment against said defendant for $550.