756 A.2d 1091 (2000)
334 N.J. Super. 140
Shannon ZELMA
v.
TOTAL REMODELING, INC.
Superior Court of New Jersey, Law Division, Special Civil Part, Union County.
Decided March 22, 2000.
*1092 Christine M. Vanek, Oradell, for plaintiff (Hanrahan and Robertelli, LLC).
Jonathan J. Lerner, Roseland, for defendant (Starr, Gern, Davison & Rubin).
HEIMLICH, J.S.C.
Before the court is a motion to dismiss for lack of subject matter jurisdiction filed by the defendant, Total Remodeling, Inc., against the plaintiff, Shannon Zelma. The plaintiff alleges in her complaint that the defendant committed several violations of the Telephone Consumer Protection Act (TCPA), including three calls placed by the defendant to the plaintiff for the purpose of telephone solicitations in disregard of plaintiff's request to be placed on a "do not call" list. The plaintiff prays for statutory damages, an injunction requiring the defendant to comply with the statute, and treble damages for willfully and knowingly violating the statute. The defendant filed the subject motion to dismiss in lieu of an answer.
After review of defendant's briefs in support of the motion to dismiss and plaintiff's briefs in opposition thereto, the court finds that it does possess subject matter jurisdiction over private claims arising under the TCPA and that the defendant's motion is therefore denied.
The main legal issue to be decided is whether the legislature of the State of New Jersey must affirmatively enable courts of this state to hear private claims arising under the TCPA. At the crux of the issue is the highlighted language appearing in the following excerpt from 47 U.S.C. § 227(c)(5):
A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of Court of a State, bring in an appropriate court of the State:
(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such a violation;
(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500.00 in damages for each such violation, whichever is greater; or
(C) both such actions [Emphasis added]
The question is, simply, what does "if otherwise permitted by the laws or rules of Court of a State" mean with regard *1093 to the ability of a state court to entertain an action brought under this statute? Both parties to this motion point out the litany of case precedent directing this court to first look to the express language of the statute and to adhere to its plain meaning in order to interpret the phrase at issue. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); Richard's Auto City, Inc. v. Director, 140 N.J. 523, 531, 659 A.2d 1360 (1995); Cutler v. Borough of Westwood, 295 N.J.Super. 344, 685 A.2d 44 (App.Div.1996), citing AMN, Inc. v. So. Brunswick Tp. Rent Leveling Bd., 93 N.J. 518, 461 A.2d 1138 (1983). Absent ambiguity the language of a statute must be read in accordance with its plain and ordinary meaning and must be afforded a construction which considers the words in the context of the entire statute, ascribing to the words a common-sense meaning which advances the legislative purpose. Voges v. Borough of Tinton Falls, 268 N.J.Super. 279, 633 A.2d 566 (App.Div.1993), cert.den. 135 N.J. 466, 640 A.2d 848, citing Dept. of Health v. Sol Schnoll Dressed Poultry Co., 102 N.J.Super. 172, 176, 245 A.2d 532 (App.Div.1968).
The court finds that the common-sense meaning of the language "if otherwise permitted by the laws or rules of Court of a State" manifests a Congressional intent that does not condition state court jurisdiction over private enforcement of TCPA claims on an affirmative legislative act creating such jurisdiction, where the state already has the ability to hear such cases. The court finds that the Superior Courts of New Jersey are already vested by Article 6, § 3, paragraph 2 of the New Jersey Constitution and by the United States Constitution with the jurisdiction to hear these cases and that no special legislation is required to enable them to do so.
First, the court will turn to the New Jersey Constitution, which states in Article 6, § 3, paragraph 2: "[t]he Superior Court shall have original general jurisdiction throughout the State in all causes." Among these potential causes of action are those formulated by Congress to confer upon the citizens of the several states certain rights enforceable in state courts. In the seminal case, Claflin v. Houseman, 93 U.S. 130, 137, 23 L.Ed. 833 (1876) the United States Supreme Court, in dealing with this issue, stated that the jurisdictions of the state and federal courts are "partly concurrent and partly different," but that the distinction "is no reason why the state courts should not be open for the prosecution of rights growing out of the laws of the United States, to which their jurisdiction is competent, and not denied." In Tafflin v. Levitt, 493 U.S. 455, 458-59, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), the Supreme Court recognized a presumption in favor of state court jurisdiction over claims arising under federal law.
Congress derives its authority to extend these private rights of action to the states from Article VI Clause 2 of the United States Constitution, the "supremacy clause," which states in part:
[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary not withstanding.
[U.S.C.A. Const. Art. VI cl. 2] According to the Supreme Court in Howlett By and Through Howlett v. Rose, 496 U.S. 356, 367-68, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990), the supremacy clause makes the Constitution and laws passed pursuant to it "the supreme Law of the Land,' and charges state courts with coordinate responsibility to enforce those laws according to their regular modes of procedure." A long line of cases buttresses the fundamental principle expressed in Howlett. See Claflin v. Houseman, supra.; Douglas v. New York, N.H. & H.R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747 (1929); Mondou v. New York, N.H. & H.R. Co., 223 U.S 1, 32 S.Ct. 169, 56 L.Ed. 327 *1094 (1912); McKnett v. St. Louis & San Francisco R. Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227 (1934).
The court now turns to the language "if otherwise permitted ..." The plaintiff has cited several cases, albeit only persuasive, which are consistent with the interpretation adopted by this court. In International Science & Technology Institute, Inc. v. Inacom Communications, Inc., 106 F.3d 1146 (4th Cir.1997), the 4th Circuit stated in dicta that state courts possess the necessary jurisdiction to enforce the private rights created by the TCPA. In International Science, a recipient of facsimile advertisements brought a class action in the District Court of the Eastern District of Virginia against the defendant, a long distance telephone services provider, alleging that the defendant sent unsolicited advertisements via a facsimile machine in violation of Telephone Consumer Protection Act (TCPA). On motion by the defendant, the District Court dismissed the complaint for lack of subject matter jurisdiction. Plaintiff appealed. The 4th Circuit Court upheld the decision of the lower court, and held that the state courts had exclusive jurisdiction over these actions.
The International Science court furnishes useful dicta in its discussion of whether or not the TCPA runs afoul of the Equal Protection Clause. The court states:
The clause in 47 U.S.C. § 227(b)(3) "if otherwise permitted by the laws or rules of court of a State" does not condition the substantive right to be free from unsolicited faxes on state approval. Indeed, that substantive right is enforceable by state attorneys general or the Federal Communications Commission irrespective of the availability of a private action in state court. Rather, the clause recognizes that states may refuse to exercise the jurisdiction authorized by the statute. Thus, a state could decide to prevent its courts from hearing private action to enforce the TCPA's substantive rights. To that extent, the existence of a private right of action under the TCPA may vary from state to state. That inequality, however, touche; only a statutory permission to enforce privately the same substantive rights which both state and the federal government can enforce in federal court through other mechanisms. [Emphasis added]
Id. at 1155. Later, the court discusses the issue of federal commandeering of state courts, and once again touches on the jurisdiction of state courts. The court states:
We have no doubt that Congress has a legitimate interest in respecting the states' judgments about when their courts are overburdened. With those interests in mind and recognizing that other enforcement mechanisms are available in the TCPA, we believe Congress acted rationally in both closing federal courts and allowing states to close theirs to the millions of private actions that could be filed if only a small portion of each year's 6.57 billion telemarketing transmissions were illegal under the TCPA. [Emphasis added]
This court finds the interpretation set forth by the 4th Circuit in International Science to be persuasive.
In Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd., 156 F.3d 432 (2 nd Cir.1998), the 2 nd Circuit cites International Science with approval. This case furnishes similar dicta regarding state jurisdiction over TCPA claims. As in International Science, the Foxhall court addresses this jurisdictional question in the context of the Equal Protection Clause of the Constitution. The court states:
Foxhall also argues that exclusive state jurisdiction creates due process and equal protection concerns and that the TCPA should be read to avoid such a result. The argument is that, if some states "opt-out" of the TCPA, the citizens of those states will not enjoy the private right of action under the TCPA, while citizens of other states will. In rejecting this argument in International *1095 Science, the Fourth Circuit explained that the clause in § 227(b)(3) that states "if otherwise permitted by the laws or rules of court of a State," does not condition the substantive right to be free from unsolicited faxes on state approval. [citation omitted] [Emphasis added]
Id. at 438. This passage again implies that states are required to "opt-out" rather than "opt-in" to hear TCPA-based claims, and borrows directly from International Science. The Foxhall court continues:
Rather, the clause recognizes that states may refuse to exercise the jurisdiction authorized by the statute. To the extent that a state decides to prevent its courts from hearing private actions to enforce the TCPA's substantive rights, the existence of a private right of action under the TCPA could vary from state to state. [Emphasis added]
Id. at 438. Here again, it appears that the Foxhall court assumes that the states need to take affirmative action in order to block TCPA claims from appearing in thencourts.
The New York cases Kaplan v. Democrat and Chronicle, 266 A.D.2d 848, 698 N.Y.S.2d 799 (4th Dept.1999) and Kaplan v. First City Mortgage, 183 Misc.2d 24, 701 N.Y.S.2d 859 (City Ct.1999), are more directly on point.
In Kaplan v. Democrat and Chronicle, the Rochester City Court, Small Claims Part, dismissed a claim brought under the TCPA after trial on the ground that there is no New York authority for the commencement of such an action in a state court. On appeal, the County Court held that the City Court erred in dismissing the claim. In turn, the Appellate Division affirmed the County Court, holding that:
[t]he TCPA creates a private right of action and confers jurisdiction upon state courts (47 U.S.C. § 227[b][3]). In the absence of a State statute declining to exercise the jurisdiction authorized by the statute, a State court has jurisdiction authorized by the statute, a State court has jurisdiction over TCPA claims (see, International Science & Technology Inst. v. Inacom Communications, 4th Cir., 106 F.3d 1146,1158).
Id., at 800. In Kaplan v. First City Mortgage, the City Court followed the Kaplan v. Democrat and Chronicle case with regard to the exclusive jurisdiction of the state courts over private rights of action under the TCPA, and furthermore states that the TCPA confers jurisdiction upon state courts "in the absence of a State statute refusing to exercise jurisdiction[.]"
The court also notes the Federal Communications Commission's interpretation of the private right of action clause in 47 U.S.C. § 227(c)(5) which states:
Absent state law to the contrary, consumers may immediately file suit in state court if a caller violates the TCPA's prohibitions on the use of automatic telephone dialing systems and artificial or prerecorded voice messages. § 227(c)(5). A consumer may also file suit in state court if he or she has received more than one telephone call within any 12-month period by or on behalf of the same company in violation of the guidelines for making telephone solicitations. § 227(c)(5).
[FCC Report and Order dated September 17, 1992, Section 55.] The court finds this interpretation persuasive.
Both parties point out the one reported New Jersey case dealing with a private action brought pursuant to the TCPA, Szefczek v. Hillsborough Beacon, 286 N.J.Super. 247, 668 A.2d 1099 (Law Div.1995), wherein the issue of subject matter jurisdiction was never raised. This court does not find Szefczek probative as the issue was not reviewed.
In light of the holdings of the abovementioned cases, the FCC Report, and a plain reading of the text, the court finds that the language "if otherwise permitted by the laws or rules of Court of a State" is properly construed as meaning that where courts already possess jurisdiction over private rights of action under the TCPA, *1096 as New Jersey courts do, then state courts may hear those cases, and that, in particular, this court has subject matter jurisdiction over the instant claim.
Having found in plaintiff's favor regarding the language in contention, the court briefly addresses the constitutional argument set forth in defendant's brief. The defendant argues that if the TCPA is read as being an "opt out" statute, such a reading would render it unconstitutional, and that Congress does not have the authority to compel New Jersey courts or the courts of any state to entertain jurisdiction in any case. State ex. Rel. Rushworth v. Judges of Inferior Court of Common Pleas of Hudson County, 58 N.J.L. 97, 100-01, 32 A. 743 (Sup.1895). However, the court finds that by expressly permitting the several states to decline jurisdiction over these matters, Congress has avoided this consequence and is therefore not compelling or coercing New Jersey courts to hear these cases.
Finally, the court also addresses the defendant's argument that "the Constitution has never been understood to confer upon Congress the ability to require the States to govern according to Congress' instructions." In support of this argument, the defendant cites New York v. United States, 505 U.S. 144, 162, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992), Hodel v. Virginia Surface Mining & Reclamation Ass'n Inc., 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981), and FERC v. Mississippi, 456 U.S. 742, 102 S.Ct. 2126, 72 L.Ed.2d 532 (1982), all of which the court finds inapplicable to the case at hand, as they deal with the commandeering of state legislatures and the requirement that states mandate or prohibit certain acts. Even if the court were to apply these cases to the instant matter, the court again holds that by affording the states the ability to "opt out," Congress has not compelled states to provide jurisdiction over private TCPA claims.
Therefore, the court finds that, absent contrary action by the State of New Jersey declining to afford jurisdiction for private actions pursuant to the TCPA, this court has subject matter jurisdiction over this matter and defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is denied.