778 A.2d 591 (2001)
343 N.J. Super. 356
Shannon ZELMA, Plaintiff-Appellant,
v.
MARKET U.S.A., Defendant-Respondent, and
MBNA America, N.A., Defendant.
Shannon Zelma, Plaintiff-Appellant,
v.
Providian Bancorp, Inc., Telespectrum Worldwide, Inc. and Telemark, Inc., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 2001.
Decided August 2, 2001.
*592 Christine M. Vanek Collins argued the cause for appellant (Scarinci & Hollenbeck, attorneys; Ms. Vanek Collins, of counsel and on the brief).
Anthony J. Andolino, Hackensack, argued the cause for respondent Market U.S.A. (Gallo Geffner Fenster, attorneys; Mr. Andolino, of counsel and on the brief).
Joseph M. Garemore, Mt. Laurel, argued the cause for respondent Providian Bancorp, Inc. (Lyons, Doughty & Veldhuis, attorneys; Mr. Garemore, of counsel and on the joint brief filed with respondent Telespectrum Worldwide, Inc.).
J. Llewellyn Mathews, Cherry Hill, argued the cause for respondent Telespectrum Worldwide, Inc. (Blank, Rome, Comisky & McCauley, attorneys; Mr. Mathews, of counsel; Jordana Cooper and Mr. Mathews, on the joint brief filed with respondent Providian Bancorp, Inc.).
Maurice A. Griffin argued the cause for respondent Telemark, Inc. (Greenbaum, Rowe, Smith, Ravin, Davis & Himmel, attorneys; Brian J. Waters, of counsel and on the brief; Jonathan W. Philipp, on the brief).
Before Judges WEFING, CUFF and LISA.
The opinion of the court was delivered by CUFF, J.A.D.
In these appeals[1], we must consider whether New Jersey courts have subject-matter jurisdiction over claims arising under the Telephone Consumer Protection Act (TCPA), 47 U.S.C.A. § 227, by virtue of the general jurisdiction granted by the New Jersey Constitution or whether jurisdiction depends on the adoption of a statute or rule specifically permitting such actions in the courts of this State. In each case, the motion judge dismissed the complaints for lack of subject-matter jurisdiction on the basis that this State had not affirmatively adopted a statute or court rule to allow such actions. We reverse.
Shannon Zelma, the plaintiff, characterizes himself as a member "of a nationwide citizen watchdog group called Private Citizen which was formed to combat telemarketing abuse." In May 1999, in the appeal denominated A-1667-99T1, plaintiff filed a Law Division action against MBNA America, N.A. (MBNA), a Delaware credit card company, and Market U.S.A. (Market), an *593 Illinois telemarketer. Plaintiff alleged that MBNA and Market caused him to receive unwanted telephone solicitations on five dates in 1997 contrary to his request when he applied for a credit card. Plaintiff claimed that each defendant violated five provisions of the regulations promulgated under the TCPA. The ten count complaint asserted five identical counts against each defendant and demanded an injunction, statutory damages of $500 for each violation, and treble damages.
In A-2898-99T5, plaintiff filed a complaint in May 1999 in the Special Civil Part alleging that defendant Telemark, an Oregon corporation, had called plaintiff twice in May and July 1997 to make a telephone solicitation on behalf of defendant Providian Bancorp, Inc. (Providian). During the May 1997 call, plaintiff requested that he be placed on a "do-not-call" list. Despite the request, he was contacted again on July 28, 1997, by Telemark or defendant Telespectrum Worldwide, Inc. (Telespectrum). Plaintiff claimed each defendant violated five provisions of the TCPA regulations and for each violation plaintiff sought an injunction, $500 statutory damages and treble damages.
In response to MBNA's motion for summary judgment, the motion judge ruled that plaintiff was barred from pursuing his claims in state court absent express consent by the Legislature or court rule. On October 26, 1999, an order was entered dismissing the complaint for lack of subject-matter jurisdiction.
In the Providian matter, A-2898-99T5, plaintiff moved to stay the action pending resolution of his appeal in the MBNA action. The stay was denied and the same judge granted Telemark's motion to dismiss for lack of subject-matter jurisdiction.[2] Once again, the judge ruled that the action was barred until the Legislature or the Supreme Court affirmatively authorized such actions.
Enacted in 1991, the TCPA was intended to protect residential telephone customers from unwanted solicitations by means of personal telephone calls or automated-dialing or prerecorded voice systems. ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 514 (3d Cir.1998). Though many states had laws regulating telemarketers,[3] Congress perceived a need for a federal law in view of the interstate character of many telemarketing operations. Ibid.; Szefczek v. Hillsborough Beacon, 286 N.J.Super. 247, 263, 668 A.2d 1099 (Law Div.1995). As one federal court has explained:
Congress enacted the TCPA as a supplement to state efforts to regulate telemarketing activities. This nonconsensual telemarketing activity was viewed by Congress as an invasion of privacy, an impediment to interstate commerce, and a disruption to essential public safety services. S.REP. No. 178, 102nd Cong., 1st Sess. 1, 5 (1991), reprinted in 1991 *594 U.S.C.C.A.N.1968, 1973. Congressional action was needed as states had no independent regulatory power over interstate telemarketing activities. Id., 47 U.S.C. § 227, Congressional Finding No. 7. By creating a private right of action in state courts, Congress allowed states, in effect, to enforce regulation of interstate telemarketing activity.

[Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 513 (5th Cir. 1997).]
The TCPA authorized the Federal Communications Commission (FCC) to adopt regulations defining the prohibited conduct and setting forth procedures for enforcement. 47 U.S.C.A. § 227(b)(2) and (c)(2). Those regulations are codified at 47 C.F.R. § 64.1200 (2001). In his complaint plaintiff cited various subsections of those regulations that allegedly were violated by defendants' conduct.
The TCPA establishes two categories of restrictions-the use of automated telephone equipment, 47 U.S.C.A. § 227(b), and consumers' "privacy rights." 47 U.S.C.A. § 227(c). Plaintiff grounds both actions on the fact that telemarketers spoke to him in spite of his presence on "do-not-call" lists.
The TCPA contemplates three mechanisms of enforcement of the privacy protections. First, a state may sue on behalf of its aggrieved residents; federal courts have exclusive jurisdiction over such actions. 47 U.S.C.A. § 227(f)(1) and (2). Second, the FCC may institute its own federal action or join in one filed by a state. 47 U.S.C.A. § 227(f)(3) and (7). Third, an individual may sue in state court, as plaintiff did here. 47 U.S.C.A. § 227(c)(5). The section recognizing a private right of action provides:
(5) Private right of action.
A person who has received more than one telephone call within any 12 month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State
(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
(C) both such actions.

[47 U.S.C.A. § 227(c)(5) (emphasis added).]
The underscored phrase is the one at issue in these appeals. The precise issue is whether "if otherwise permitted" means that a state must expressly consent to TCPA actions or "opt-in," or does it mean that a state's consent is presumed unless it acts to bar such actions or "opt-out."
In this case the motion judge chose defendants' "opt-in" construction of the "if otherwise permitted" proviso. He stated:
The federal legislation clearly indicates that the state would have to consent to it, either by rule of court or by law. And New Jersey has enacted no statutory or regulatory law granting authority for the Superior Court of the State of New Jersey to entertain actions under the TCPA and its courts. In fact, there is no court rule either authorizing New Jersey Superior Courts to entertain such actions.
The TCPA jurisdiction can only exist here in New Jersey if the State Legislature had consented, and the New Jersey Legislature has not consented to it. I'm sympathetic with plaintiff's plight. But, perhaps, she [meaning plaintiff's counsel] should petition the Legislature to *595 enact legislation which would allow the Superior Court to entertain such actions.
The judge added that even if Congress had intended to confer jurisdiction on state courts, the Tenth Amendment (recognizing states' sovereignty) prevented Congress from doing so, as only the states could decide to accept jurisdiction over private TCPA actions.
This court has not addressed this issue; however, two trial courts have dealt with the TCPA. In Szefczek, a small claims court upheld the TCPA's constitutionality and awarded damages to a plaintiff aggrieved by a telemarketer's breach of the regulations. Szefczek, supra, 286 N.J.Super. at 265-69, 668 A.2d 1099. Our review of this case suggests that the defendant did not dispute the court's subject-matter jurisdiction and the issue was not addressed.
Since the trial court decisions were rendered, another judge in one of plaintiff's similar lawsuits in another vicinage agreed with plaintiff's "opt-out" interpretation. Zelma v. Total Remodeling, Inc., 334 N.J.Super. 140, 756 A.2d 1091 (Law Div. 2000).[4] In Total Remodeling plaintiff alleged, as he does here, that the defendant in that case had violated the TCPA by calling plaintiff in disregard of his request to be placed on a "do-not-call" list. The court rejected the defendant's motion to dismiss, ruling that it did have subject-matter jurisdiction. Id. at 142-43, 756 A.2d 1091.
We start our analysis recognizing that the courts of this State have always embraced the principle that unless the federal act itself expressly or impliedly precludes states from assuming jurisdiction, the general jurisdiction of our courts will encompass federal statutory causes of action. International Union of Operating Eng'rs, Local 68 v. Delaware River and Bay Auth., 147 N.J. 433, 441, 688 A.2d 569, cert. denied, 522 U.S. 861, 118 S.Ct. 165, 139 L. Ed.2d 108 (1997); Public Serv. Elec. & Gas Co. v. Werline, 322 N.J.Super. 216, 220, 730 A.2d 870 (App.Div.1999). No special statute is needed to confer jurisdiction already conferred by this State's Constitution. Ward v. Village of Ridgewood, 531 F.Supp. 470, 475 (D.N.J.1982).
Defendants Providian and Telespectrum advance their "opt-in" argument through a comparative analysis of § 227(c)(5) and other federal statutes which have conferred jurisdiction on state courts. In support of this argument, Providian and Telespectrum offer an analysis of federal statutory schemes and conclude that when Congress wishes to create an "opt-in" clause it uses the term "if" and when it creates an "opt-out" clause it uses the term "may." Our analysis of these statutes suggests that such an approach is too simplistic. For example, in the recently enacted habeas corpus legislation, 28 U.S.C.A. § 2261(b), Congress did use the term "if," and that language has been construed as an "opt-in" provision, yet that term was followed by other language contemplating an affirmative act by a state legislature. The specific language of § 2261(b) is as follows:
This chapter is applicable if a State establishes by statute, rule of its court of last resort, or by another agency authorized by State law, a mechanism for the appointment, compensation, and payment of reasonable litigation expenses of competent counsel in State post-conviction *596 proceedings brought by indigent prisoners whose capital convictions and sentences have been upheld on direct appeal to the court of last resort in the State or have otherwise become final for State law purposes. The rule of court or statute must provide standards of competency for the appointment of such counsel.

[28 U.S.C.A. § 2261(b) (emphasis added).]
This language clearly contemplates an affirmative act by a state and is wholly different from the neutral "if otherwise permitted" language of the TCPA. Furthermore, this interpretation of the language is inconsistent with all but one court which has addressed this issue.
Three cases from New York, Schulman v. Chase Manhattan Bank, 268 A.D.2d 174, 710 N.Y.S.2d 368 (App.Div.2000); Kaplan v. Democrat and Chronicle, 266 A.D.2d 848, 698 N.Y.S.2d 799 (App.Div. 1999); and Kaplan v. First City Mortgage, 183 Misc.2d 24, 701 N.Y.S.2d 859 (City Ct.1999) are directly on point. In Democrat and Chronicle, the court reversed the trial court's refusal to accept jurisdiction over a TCPA complaint. The court reasoned: "In the absence of a State statute declining to exercise the jurisdiction authorized by the statute, a State court has jurisdiction over TCPA claims (see International Science & Technology Inst. v. Inacom Communications, 4th Cir., 106 F.3d 1146, 1158). New York has not refused to exercise such jurisdiction, and thus City Court should not have dismissed the claim." Democrat and Chronicle, supra, 698 N.Y.S.2d at 800.
In First City Mortgage, a city court deemed it "settled law" that "in the absence of a State statute refusing to exercise the jurisdiction conferred by the statute, a State court has jurisdiction over TCPA claims." 701 N.Y.S.2d at 862.
Furthermore, in Schulman, the Appellate Division of the Supreme Court observed that the "if otherwise permitted" clause allowed a state to "decline jurisdiction based on a valid excuse, such as its own neutral rules of judicial administration." 710 N.Y.S.2d at 372. But when, as in New York, "a state court's ordinary jurisdiction under established local laws is `appropriate to the occasion and is invoked in conformity with those laws,' a state court may not refuse jurisdiction over a claim based on Federal law." Ibid. (quoting Mondou v. New York, New Haven & Hartford R.R. Co., 223 U.S. 1, 57, 32 S.Ct. 169, 178, 56 L.Ed. 327, 349 (1912)). The court concluded that the clause in question
merely acknowledges the principle that states have the right to structure their own court systems and that state courts are not obligated to change their procedural rules to accommodate TCPA claims. In the case at bar, Chase has not asserted the existence of any procedural rules which would prevent the Supreme Court from exercising jurisdiction over the plaintiff's claim. Furthermore, the state courts' ordinary jurisdiction includes claims for damages arising under a similar state law directed at telemarketing abuses.

[710 N.Y.S.2d at 372.]
Accord Worsham v. Nationwide Ins. Co., 138 Md.App. 487, 772 A.2d 868, 874 (2001).
Only one state court has interpreted the "if otherwise permitted" language as an "opt-in" provision. In Autoflex Leasing, Inc. v. Manufacturers Auto Leasing, Inc., 16 S.W.3d 815 (Tex.App.2000), the court upheld a trial court's denial of subject-matter jurisdiction of a TCPA complaint. In support of its holding, the Autoflex court cited a comment by the TCPA's author, Senator Hollings, that he expected states to "`act reasonably in permitting their citizens to go to court to enforce this bill.'" Id. at 817 n. 14 (quoting 137 Cong. *597 Rec. S16,205-06 (daily ed. Nov. 7, 1991)). Read in context, however, that comment does not reflect a choice by the Senator between an "opt-in" and an "opt-out" requirement. Rather, the Senator was speaking about the bill's silence on the question of "which court in each State shall be the proper venue for such an action, as this is a matter for State legislators to determine." 137 Cong. Rec. S16,205-06 (daily ed. Nov. 7, 1991). The Senator then expressed a hope that states would direct such actions to small claims courts, where a consumer could appeal without an attorney, in order to avoid the burden of counsel fees. Ibid. The Senator's comments had nothing to do with the "opt-in"/"opt-out" issue.
The Texas court also relied on "the majority of federal courts that have addressed the issue." Autoflex, supra, 16 S.W.3d at 817 n. 15. In fact, however, none of the three cases it cited squarely addressed the issue. In Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir.), modified in part on other grounds, 140 F.3d 898 (11th Cir.1998), the court held, in agreement with International Science, supra, 106 F.3d 1146, that federal courts lack subject-matter jurisdiction over private TCPA actions and that state courts have exclusive subject-matter jurisdiction of these actions. The court did not address the issue involved here, except to report that the district court had construed the key language as authorizing a "private right of action only if state law specifically authorized a private action." Nicholson, supra, 136 F.3d at 1288. Similarly, Murphey v. Lanier, 204 F.3d 911, 915 (9th Cir.2000) and Chair King, supra, 131 F.3d at 514, did not address the question now before this court. Moreover, the subject-matter jurisdiction discussion in International Science, while not directly addressing the issue in this appeal, strongly supports plaintiff's "opt-out" interpretation.
In International Science, a plaintiff filed its TCPA complaint[5] in federal district court, but that court dismissed on the ground that the TCPA only permitted such actions in state courts. 106 F.3d at 1150-51. The court of appeals affirmed, explaining that while federal court jurisdiction must be expressly granted by the statute in question, state courts have inherent jurisdiction over all federal causes of action unless expressly excluded. Id. at 1151-52.
The International Science court rejected the plaintiff's argument that the "if otherwise permitted" proviso would lead to a denial of equal protection to those states that did not have laws duplicating the TCPA's prohibitions; rather, the court said that the proviso only meant that states could choose to enact laws barring TCPA suits, but that otherwise they must accept such suits under their general jurisdiction:
The clause in 47 U.S.C. § 227(b)(3) "if otherwise permitted by the laws or rules of court of a State" does not condition the substantive right to be free from unsolicited faxes on state approval. Indeed, that substantive right is enforceable by state attorneys general or the Federal Communications Commission irrespective of the availability of a private action in state court. Rather, the clause recognizes that states may refuse to exercise the jurisdiction authorized by the statute. Thus, a state could decide to prevent its courts from hearing private actions to enforce the TCPA's substantive *598 rights. To that extent, the existence of a private right of action under the TCPA could vary from state to state. That inequality, however, touches only a statutory permission to enforce privately the same substantive rights which both the state and the federal government can enforce in federal court through other mechanisms.

[Id. at 1156.]
The court attributed Congress's jurisdictional scheme to the potential flood of TCPA complaints:
Congress understandably avoided opening federal courts to the millions of potential private TCPA claims by authorizing private actions only in state courts, presumably in the small claims courts. Similarly concerned over the potential impact of private actions on the administration of state courts, Congress included a provision to allow the states to prohibit private TCPA actions in their courts. We have no doubt that Congress has a legitimate interest in not overburdening state and federal courts. Nor can it be doubted that Congress has a legitimate interest in respecting the states' judgments about when their courts are overburdened. With those interests in mind and recognizing that other enforcement mechanisms are available in the TCPA, we believe Congress acted rationally in both closing federal courts and allowing states to close theirs to the millions of private actions that could be filed if only a small portion of each year's 6.57 billion telemarketing transmissions were illegal under the TCPA.

[Id. at 1157.]
Finally, the International Science court disagreed with the plaintiff that to hold that states had exclusive jurisdiction over the TCPA claims would breach the Tenth Amendment rights of states to govern without interference by the federal government. Any such breach was avoided by Congress allowing a state, by means of the "if otherwise permitted" language, to enact a law barring TCPA actions in the courts of that state. Id. at 1157-58. Accord Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd., 156 F.3d 432, 438 (2d Cir.1998). See also Hooters of Augusta, Inc. v. Nicholson, 245 Ga.App. 363, 537 S.E.2d 468 (2000).
We hold that the Congressional grant of exclusive jurisdiction in the state courts to enforce the private right of action created by the TCPA does not require an affirmative act by the Legislature or the adoption of rule by the Supreme Court in order for the Superior Court to exercise subject-matter jurisdiction over the TCPA claims filed by plaintiff. Accordingly, we reverse the orders dismissing both complaints and remand for further proceedings.
Reversed.
NOTES
[1] The appeals were calendared and argued back-to-back. We consolidate these appeals solely for purpose of opinion.
[2] Defendants Providian and Telespectrum joined this motion.
[3] In 1993 New Jersey enacted a law prohibiting unsolicited prerecorded commercial messages. N.J.S.A. 48:17-27 to -31. It does not create a private right of action; rather, it empowers the Attorney General to pursue a civil-penalty enforcement proceeding. N.J.S.A. 48:17-31. The law does not apply to the kind of person-to-person calls at issue here. In 1993 New Jersey's federal district court enjoined enforcement of the TCPA on the ground that it was likely to violate the First Amendment. Lysaght v. New Jersey, 837 F.Supp. 646, 654 (D.N.J.1993). This decision has been strongly criticized. Michael A. Fisher, The Right to Spam? Regulating Elec. Junk Mail, 23 Colum.-VLA J.L. & Arts 357, 372 (2000). The author notes that the district court relied heavily on a case which was reversed after the Lysaght opinion was filed.
[4] We have also been informed of another unpublished opinion, Levine v. 9 Net Avenue, Inc., No. L-7965-99 (Law Div. May 26, 2000), involving a different plaintiff in which the judge adopted the Total Remodeling analysis and held that the Superior Court had subject-matter jurisdiction.
[5] At issue in International Science was 47 U.S.C.A. § 227(b)(3), creating a private right of action for violations of restrictions on use of automated telephone equipment. But that section contains the same "if otherwise permitted" language that is used in the section under review here47 U.S.C.A. § 227(c)(5).