AUTOFLEX LEASING,
INC., Appellant,

v.

MANUFACTURERS AUTO LEASING,
INC., Appellee.

No. 2–99–037–CV.

Court of Appeals of Texas,
Fort Worth.

March 30, 2000.

Rehearing Overruled May 4, 2000.

Law Office of Keith M. Jensen, P.C., Keith M. Jensen, Fort Worth, for Appellant.

Odeneal & Odeneal, William C. Odeneal, Logan Odeneal, Dallas, James K. Johnson, Dallas, Weil, Gotshal & Manges, L.L.P., Dean D. Hunt, Houston, for Appellee.

PANEL A: CAYCE, C.J.; LIVINGSTON and RICHARDS, JJ.

**OPINION**

JOHN CAYCE, Chief Justice.

Autoflex Leasing, Inc. (Autoflex) brought suit against Manufacturers Auto Leasing, Inc. (Manufacturers) under the Telephone Consumer Protection Act (TCPA),[1] a federal statute that permits a person to seek monetary or injunctive relief for unsolicited facsimile advertisements "if otherwise permitted by the laws or rules of court of a State."[2] The trial court granted Manufacturers' motion for summary judgment and dismissed Autoflex's suit. Because we determine that neither the laws nor the rules of court of the State of Texas expressly permitted Autoflex to

---

1. 47 U.S.C.A. § 227 (West Supp.1999).

2. *Id.* § 227(b)(3).

recover in state court under the TCPA for intrastate facsimile transmissions at the time the alleged violations occurred, we will affirm.

## Background Facts

Autoflex and Manufacturers are local competitors in the auto leasing business. The TCPA authorizes a private right of action for anyone who receives an unsolicited facsimile advertisement and permits recovery in the amount of $500 for each violation of the Act, plus injunctive relief.[3] The pertinent part of the TCPA provides as follows:

(3) Private right of action

A person or entity may, *if otherwise permitted by the laws or rules of court of a State,* bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.[4]

The TCPA also provides treble damages for willing or knowing violations of the Act.[5]

Autoflex filed suit against Manufacturers on May 6, 1998, seeking damages and an injunction under the TCPA in state court after Manufacturers allegedly transmitted twenty-two unsolicited facsimile advertisements to Autoflex between an unspecified date and April 28, 1998, and an additional fifteen unsolicited facsimile ad-

vertisements between April 28, 1998 and July 15, 1998. Manufacturers filed a motion for summary judgment based on two theories: (1) the TCPA does not apply to intrastate transmissions; and (2) Texas had not authorized private enforcement of the TCPA when the violations occurred. The trial court granted summary judgment on November 14, 1998, dismissing Autoflex's suit without stating specific grounds for its decision.

## Standard of Review

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established.[6] To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant-movant.[7] When a trial court's order granting summary judgment does not specify the grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.[8]

## Issue on Appeal

Manufacturers contends that the language of the TCPA authorizing a private cause of action for violation of the federal statute in state court "if otherwise permitted by the laws or rules of court of a State," requires the Texas Legislature to

---

**3.** *Id.; see also Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 509 (5 th Cir. 1997).

**4.** 47 U.S.C.A. § 227(b)(3) (emphasis supplied).

**5.** *Id.*

**6.** *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

**7.** *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

**8.** *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995); *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995).

pass enabling legislation before suit may be brought in Texas courts under the TCPA. Autoflex would, on the other hand, have us interpret the same language to mean that a person is permitted to bring suit under the TCPA in state court unless legislation prohibits such a suit.[9] The parties also disagree on whether the TCPA applies to both intrastate and interstate transmissions.

## Discussion

■ In construing a statute, our primary objective is to give effect to the legislature's intent by considering the plain meaning of the enactment.[10] If the language of the statute does not dispose of the question of the legislature's intent, we must look to other factors, including the history and purpose of the legislative scheme.[11] Furthermore, we must construe the statute in a way that gives effect to all provisions,[12] while ensuring that the statute can withstand constitutional scrutiny.[13]

■ Applying these rules of statutory construction to the TCPA, we give the language in section 227(b)(3) that grants a private right of action for violations of the TCPA, "if otherwise permitted by the laws or rules of court of a State," its plain and ordinary meaning. In doing so, we interpret this language to mean suit may be brought for TCPA violations in state court only if permitted by state law or state court rule. This construction is consistent with the comments of the TCPA's author, Senator Hollings, when he introduced the statute in Congress,[14] and the meaning given the statute by the majority of federal courts that have addressed the issue.[15] Therefore, we hold that Congress intended the states to pass legislation or promulgate court rules consenting to state court actions based on the TCPA, before such suits under the TCPA may be brought in state courts.

■ Effective September 1, 1999, the Texas Legislature amended section 35.47 of the business and commerce code to authorize a private right of action in state court under the TCPA for the transmission of unsolicited facsimile advertisements.[16] This statute, however, applies only to violations occurring after the stat-

9. *See also International Science & Tech. Inst., Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146, 1157–58 (4 th Cir.1997).

10. *See Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex.1997).

11. *See id.*

12. *See University of Tex. at Arlington v. Bishop,* 997 S.W.2d 350, 353 (Tex.App.—Fort Worth 1999, pet. filed).

13. *See Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 715 (Tex.1990) (op. on reh'g) ("Statutes are given a construction consistent with constitutional requirements, when possible, because the legislature is presumed to have intended compliance with [the Constitution]."); *see also Clements v. Fashing,* 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982) (presumption that statutes are constitutional); *United States v. Haines,* 855 F.2d 199, 201 (5 th Cir.1988) (interpret statutes to avoid violation of Constitution).

14. Addressing the need for the right of action provided to states under the TCPA, Senator

Hollings said, "I thus expect that the [s]tates will act reasonably in permitting their citizens to go to court to enforce this bill." 137 Cong. Rec. S16,205–06 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings).

15. *See Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287, 1288 (11 th Cir.1998) (approving trial court's ruling that "if otherwise permitted" language authorizes private right of action only if state law specifically authorizes such an action); *Chair King,* 131 F.3d at 511 (stating that Congress granted exclusive jurisdiction to state courts over TCPA claims "if permitted by state law"); *Murphey v. Lanier,* 204 F.3d 911, 914 (9 th Cir.2000) (interpreting "if otherwise permitted" language to mean suit may be had "if the state consents"). *But see Inacom,* 106 F.3d at 1156 (noting that "if otherwise permitted" language means that states may refuse to exercise jurisdiction authorized by TCPA).

16. Tex. Bus. & Com.Code Ann. § 35.47(g) (Vernon Supp.2000).

ute's effective date.[17] Because Manufacturers' alleged violations occurred prior to the statute's September 1, 1999 effective date,[18] Autoflex has no actionable claim against Manufacturers in state court. We, therefore, need not reach Autoflex's argument that the TCPA regulates both interstate and intrastate communications.

We overrule Autoflex's points on appeal and affirm the trial court's judgment.

---

**17.** *See* Act of May 26, 1999, 76th Leg., R.S., ch. 635, § 2, 1999 Tex. Gen. Laws 3203, 3203.

**18.** The complained of violations occurred during 1998.