## Aronson v. Fax.com Inc.

C.P. of Allegheny County, no. AR00-003023.

*Charles S. Morrow,* for plaintiff.
*James R. Schadel* and *Amy J. Coco,* for defendant.

WETTICK JR., *J.,* February 28, 2001—Defendant's preliminary objections in the nature of a demurrer seeking dismissal of plaintiff's complaint are the subject of this opinion and order of court. This case raises an issue that the Pennsylvania courts have not addressed: whether plaintiff may bring a lawsuit in the Pennsylva-

nia state courts under the Federal Telephone Consumer Protection Act of 1991, 47 U.S.C. §227.

Plaintiff alleges that on five occasions between February 23, 2000 and May 9, 2000, he received on his facsimile machine unsolicited advertisements faxed by defendant. Plaintiff has sued under section 227(b)(1)(C) which provides that "[i]t shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. §227(b)(1)(C).

The legislation creates a private right of action:[1]

"(3) Private right of action

"A person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state—

"(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

"(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

"(C) both such actions.

"If the court finds that the defendant willfully or knowingly violated this subsection or the regulations pre-

1. The case law that I will be discussing involves either a violation of 47 U.S.C. §227(b)(1)(C) which bars the sending of an unsolicited advertisement to a telephone facsimile machine or a violation of 47 U.S.C. §227(b)(1)(B) which prohibits a person from initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the express consent of the called party. Where section 227(b)(1)(B) is violated, TCPA also creates a private cause of action to recover actual monetary loss for such a violation or to receive $500 in damages for each such violation, whichever is greater, "if otherwise permitted by the laws or rules of court of a state." 42 U.S.C. §227(c)(5).

scribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. §227(b)(3).

Plaintiff has brought this action to recover $2,500 under section 227(b)(3)(B) and to recover three times the amount available under subparagraph (B) pursuant to the final sentence of section 227(b)(3).[2] Defendant's preliminary objections raise the issue of whether a private right of action under the TCPA may be brought in the Pennsylvania state courts.

Pennsylvania has not enacted any legislation that would expressly authorize the Pennsylvania courts to exercise jurisdiction over the private rights of action provided for in section 227(b)(3) and section 227(c)(5). Defendant contends that unless and until such legislation is enacted, the Pennsylvania state courts may not exercise jurisdiction over a private action under section 227(b)(3) or section 227(c)(5). Defendant relies on the clause permitting a person to bring a private action in an appropriate court of the state "if otherwise permitted by the laws or rules of court of a state."

Plaintiff contends that federal legislation creates the cause of action. Consequently, as long as the state judicial system includes courts of general jurisdiction, plaintiff may enforce his rights under TCPA in the state courts.[3] This clause, according to plaintiff, allows states

2. Plaintiff also sued under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq. I am dismissing claims based on this legislation because it permits private actions to be brought only by a person who purchases or leases goods or services. See 73 P.S. §201-9.2.

3. Article 5, Section 5(b) of the Pennsylvania Constitution provides that the common pleas courts shall have unlimited jurisdiction in all cases "except as may otherwise be provided by law."

to close their courts if they become inundated with TCPA lawsuits. However, it does not require the states to enact legislation to open courts that are already open.

The only legislative history cited by the parties in this case and in opinions of other jurisdictions addressing section 227's private rights of action is the following statement by Senator Hollings, the sponsor of the bill:

"The substitute bill contains a private right-of-action provision that will make it easier for consumers to recover damages from receiving these computerized calls. The provision would allow consumers to bring an action in state court against any entity that violates the bill. The bill does not, because of constitutional constraints, dictate to the states which court in each state shall be the proper venue for such an action, as this is a matter for state legislators to determine. Nevertheless, it is my hope that states will make it as easy as possible for consumers to bring such actions, preferably in small claims court . . . .

"Small claims court or a similar court would allow the consumer to appear before the court without an attorney. The amount of damages in this legislation is set to be fair to both the consumer and the telemarketer. However, it would defeat the purposes of the bill if the attorneys' costs to consumers of bringing an action were greater than the potential damages. I thus expect that the states will act reasonably in permitting their citizens to go to court to enforce this bill." 137 Cong. Rec. S16205-06 (daily ed. Nov. 7, 1991 at 30821-22) (statement of Sen. Hollings).

Also see, *International Science & Technology Institute Inc. v. Inacom Communications Inc.,* 106 F.3d 1146, 1154 (4th Cir. 1997):

"Moreover, the dominant reason that Congress created a private TCPA action at all was out of solicitude for states which were thwarted in their attempts to stop unwanted telemarketing. Congress found in the statute:

" 'Over half the states now have statutes restricting various uses of the telephone for marketing, but telemarketers can evade their prohibitions through interstate operations; therefore, federal law is needed to control residential telemarketing practices.'

"Pub.L. no. 102-243 §2(7), 105 Stat. 2394 (1991). See also, Sen. R. no. 102-178 at 3 (1991), reprinted in 1991 U.S.C.C.A.N. at 1970 ('States do not have jurisdiction over the interstate calls. Many states have expressed a desire for federal legislation to regulate interstate telemarketing calls to supplement their restrictions on intrastate calls'); *id.* at 5, reprinted in 1991 U.S.C.C.A.N. at 1973 ('Federal action is necessary because states do not have the jurisdiction to protect their citizens against those who use these machines to place interstate telephone calls'). Thus, although Congress created the private TCPA action, it was from the beginning a cause of action in the states' interest."

Under established principles of federal law, state courts have jurisdiction over causes of action created by federal law unless Congress has ousted the states of jurisdiction. These established principles were relied upon in *Tafflin v. Levitt*, 110 S.Ct. 792 (1990). The issue in that case was whether state courts have concurrent jurisdiction over civil actions brought under the Racketeer Influenced and Corruption Organizations Act. The statute stated that any person injured in his business or property as a result of a violation of section 1692 of RICO may sue in any appropriate United States district court. The United States Supreme Court ruled

that state courts have concurrent jurisdiction. The majority opinion stated that a grant of jurisdiction to the federal courts does not operate to oust the state courts from concurrent jurisdiction over the cause of action. States possess the same sovereign powers to enforce federal legislation as the federal government, subject only to limitations imposed by Congress pursuant to the Supremacy Clause. Under the system of dual sovereignty, state courts have inherent authority and are presumptively competent to adjudicate claims arising under the laws of the United States. The presumption that state courts have jurisdiction can be rebutted only by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state court jurisdiction and federal interests.

In a concurring opinion, Mr. Justice Scalia stated that:

"State courts have jurisdiction over federal causes of action not because it is 'conferred' upon them by the Congress; nor even because their inherent powers permit them to entertain transitory causes of action arising under the laws of foreign sovereigns; but because '[t]he laws of the United States are laws in the several states, and just as much binding on the citizens and courts thereof as the state law are . . . . The two together form one system of jurisprudence, which constitutes the law of the land for the state; and the courts of the two jurisdictions are not foreign to each other . . . .'

"It therefore takes an affirmative act of power under the Supremacy Clause to oust the states of jurisdiction— an exercise of what one of our earliest cases referred to as 'the power of congress to withdraw' federal claims from state-court jurisdiction." *Id.* at 800-801. (citations omitted)

For defendant to prevail, I must read the clause "if otherwise permitted by the laws or rules of court of a state" as an express directive barring state courts of general jurisdiction from entertaining these federal claims until state law explicitly confers jurisdiction on state courts to hear these claims. This clause is not an express directive ousting the states of jurisdiction because Congress did not clearly say that a state cannot exercise jurisdiction unless it explicitly agrees to hear private actions brought under the TCPA.

Under the statutory scheme of TCPA, exclusive jurisdiction is conferred on the federal courts over actions brought by state attorneys general to obtain injunctive relief and to recover monetary damages. 47 U.S. §227(f)(2). Exclusive jurisdiction is conferred on the state courts over actions brought by private persons to obtain injunctive relief and to recover monetary damages. 47 U.S. §227(b)(3) and §227(c)(5). Congress' statements that (1) the United States district courts shall have exclusive jurisdiction over all civil actions brought by the attorneys general of the states and (2) private rights of action, if otherwise permitted by the laws or rules of court of a state, shall be brought in an appropriate court of the state, was its way of conferring exclusive jurisdiction in the state courts to hear private actions. In other words, Congress was not removing state court jurisdiction to hear private actions that would otherwise be conferred under the principles governing *Tafflin v. Levitt*. It was removing the jurisdiction of the federal courts over actions brought by private persons or entities.

Upon passage of the TCPA, the laws and rules of court of Pennsylvania permitted a private person to sue in the state courts to enforce the private right of action cre-

ated by this federal law. There is no apparent reason why Congress would have created a statutory scheme in which it looked exclusively to the state courts to enforce private actions and in which it, at the same time, removed the jurisdiction to enforce private actions of those state courts which already had jurisdiction to hear these cases. Congress enacted the TCPA to supplement state efforts to control residential telemarketing practice. State courts' exercise of jurisdiction over federal private causes of action is not viewed as an imposition on the states; it is, instead, the exercise of a sovereign power. State courts hear federal private causes of action unless they are ousted because the states want their citizens to be able to enforce their federal rights of action in their own state courts.

If the TCPA had stated that a person who received an unsolicited advertisement via a facsimile machine in violation of the TCPA may bring a private action in any federal district court or in an appropriate court of a state, if otherwise permitted by the laws or rules of court of the state, I suggest that no one would be contending that this legislation required state recognition of the cause of action before state courts could exercise jurisdiction. It would, instead, be read as authorizing states to exercise concurrent jurisdiction where there is a forum to resolve such claims under the laws and rules of court of the state. There is no justification for construing the legislation in a different fashion because Congress did not confer jurisdiction on the federal courts to hear private actions.

Ordinarily, except where jurisdiction has been conferred exclusively on the federal courts, state courts with general jurisdiction are required to exercise jurisdiction over private federal actions. The congressional

findings in the TCPA included a finding that 18 million telemarketing calls are made each day. The apparent purposes for the clause "if otherwise permitted by the laws or rules of court of a state" were: (1) to permit a state to opt out if its court system became overburdened (without an opt out, under the Supremacy Clause the state courts would have been required to hear TCPA actions even if its court system was becoming overburdened—see *International Science & Technology Institute Inc. v. Inacom Communications Inc., supra,* 106 F.3d at 1157); and (2) to permit a state court to use small claims courts rather than its courts of general jurisdiction for TCPA private actions (see statement of Senator Hollings at p. 4 of this opinion).[4]

My reading of section 227(b)(3) and section 227(c)(5) as giving the states the ability to opt out rather than as removing jurisdiction from state courts that would otherwise exercise jurisdiction over TCPA private actions is consistent with the Federal Communications Commission's interpretation of section 227(b)(3) and section 227(c)(5):

"Absent state law to the contrary, consumers may immediately file suit in state court if a caller violates the TCPA's prohibitions on the use of automatic telephone dialing systems and artificial or prerecorded voice messages. Section 227(b)(3). A consumer may also file suit in state court if he or she has received more than one telephone call within any 12-month period by or on behalf of the same company in violation of the guidelines for making telephone solicitations. Section

---

4. The reference to rules of court ("if otherwise permitted by the laws or rules of court of a state") supports this reading of section 227(b)(3) and section 227(c)(5).

227(c)(5)." Report and order, 7 F.C.C.R. 8752 §55 (Sept. 17, 1992).

My reading is also consistent with statements in federal opinions construing section 227(b)(3) and section 227(c)(5). Five circuit courts have addressed the issue of whether private actions must be resolved in the state courts or whether the federal courts also have concurrent jurisdiction. The issue arose because in each case the defendant challenged the jurisdiction of the federal district court to hear a private action which the plaintiff had filed in the federal district court.

The opinion of the first court that addressed this issue (*International Science and Technology Institute Inc. v. Inacom Communications Inc., supra*) contains the most extensive discussion of the legislative scheme of the TCPA. The court held that Congress had not conferred jurisdiction on the federal courts over private actions. It construed the TCPA in this fashion because: (1) while state courts are presumed to have jurisdiction over federally-created causes of action unless Congress indicates otherwise, federal courts require a specific grant of jurisdiction, (2) in the TCPA, Congress included explicit provisions for federal actions by state attorneys general and for state actions by private individuals, (3) the legislative history (referring to the statement of Senator Hollings at p. 425 of this opinion) supports the interpretation that Congress intended for private actions to be resolved in state courts, and (4) the dominant reason that Congress created this private action was to further state interests. 106 F.3d at 1152-54 (see pp. 425-26 of this opinion).

The court also addressed an equal protection challenge to the TCPA. According to the plaintiff, the clause "if otherwise permitted by the laws or rules of a court

of that state" allows a private cause of action only where state law duplicates the TCPA's substantive prohibitions. The plaintiff argued that where a state has not duplicated federal law, the citizens of that state would not have the benefit of the federal right whereas citizens of other states would. The court's response rejected this reading of the TCPA.

"We believe that this argument is based on a misconstruction of the nature of the federal right. The clause in 47 U.S. §227(b)(3) 'if otherwise permitted by the laws or rules of court of a state' does not condition the substantive right to be free from unsolicited faxes on state approval. Indeed, that substantive right is enforceable by state attorneys general or the Federal Communications Commission irrespective of the availability of a private action in state court. Rather, *the clause recognizes that states may refuse to exercise the jurisdiction authorized by the statute. Thus, a state could decide to prevent its courts from hearing private actions to enforce the TCPA's substantive rights.* To that extent, the existence of a private right of action under the TCPA could vary from state to state. That inequality, however, touches only a statutory permission to enforce privately the same substantive rights which both the state and the federal government can enforce in federal court through other mechanisms." *Id.* at 1156. (emphasis added)

The court concluded that the provision permitting state courts to opt out was rationally related to a legitimate governmental interest:

"*Similarly concerned over the potential impact of private actions on the administration of state courts, Congress included a provision to allow the states to prohibit private TCPA actions in their courts.* We have

no doubt that Congress has a legitimate interest in not overburdening state and federal courts. Nor can it be doubted that Congress has a legitimate interest in respecting the states' judgments about when their courts are overburdened. With those interests in mind and recognizing that other enforcement mechanisms are available in the TCPA, *we believe Congress acted rationally in both closing federal courts and allowing states to close theirs to the millions of private actions that could be filed if only a small portion of each year's 6.57 billion telemarketing transmissions were illegal under the TCPA." Id.* at 1157. (emphasis added)

The court also addressed the plaintiff's argument that interpreting the TCPA as providing for exclusive state jurisdiction would interfere with the Tenth Amendment which does not permit Congress to impermissibly commandeer state courts:

"While we agree that we must be sensitive to any effort by Congress to commandeer state resources, we conclude that, in enacting the TCPA, Congress went out of its way to avoid overstepping the limits of the Tenth Amendment by explicitly recognizing a states' power to reject enforcement in their courts of the federally created right." *Id.* (citations omitted)

Each of the subsequent circuit court opinions reached the same result; the courts' opinions relied heavily on *International Science.* Two of the opinions adopted *International Science's* interpretation of the TCPA as permitting the states to close their courts: *Murphey v. Lanier,* 204 F.3d 911 (9th Cir. 2000); *Foxhall Realty Law Offices Inc. v. Telecommunications Premium Services Ltd.,* 156 F.3d 432 (2d Cir. 1998). The other three opinions did not address this issue: *Erienet Inc. v. Velocity Net Inc.,* 156 F.3d 513 (3d Cir. 1998); *Nicholson*

*v. Hooters of Augusta Inc.,* 136 F.3d 1287, *as modified,* 140 F.3d 898 (11th Cir. 1998); and *Chair King Inc. v. Houston Cellular Corp.,* 131 F.3d 507 (5th Cir. 1997).

I now discuss the decisions of the appellate state courts which have considered whether a suit may be brought in state court for violations of the TCPA in the absence of specific state legislation permitting such suits. One case construes the TCPA in the manner that defendant proposes: *Autoflex Leasing Inc. v. Manufacturers Auto Leasing Inc.,* 16 S.W.3d 815 (Tex. App. 2000). The remaining cases construe the TCPA in the manner that plaintiff proposes: *Hooters of Augusta Inc. v. Nicholson,* 245 Ga. App. 363 (2000); *Zelma v. Total Remodeling Inc.,* 756 A.2d 1091 (N.J. Super. Law Div. 2000); *Schulman v. Chase Manhattan Bank,* 710 N.Y.S.2d 368 (N.Y. App. Div. 2000); and *Kaplan v. First City Mortgage,* 701 N.Y.S.2d 859 (City Court, City of Rochester 1999).

In *Autoflex, supra,* the court ruled that the plain meaning of the phrase "if otherwise permitted by the laws or rules of court of a state" is that suit may be brought only if the state has enacted legislation or promulgated court rules consenting to state court actions based on the TCPA. The court stated that this construction was consistent with the comments of the TCPA's author, Senator Hollings, when he introduced the statute in Congress. The court cited the following sentence from the statement set forth at p. 425 of this opinion: " 'I thus expect that the states will act reasonably in permitting their citizens to go to court to enforce this bill.' " 16 S.W.3d at 817 n.14.

In *Hooters of Augusta Inc. v. Nicholson, supra,* 245 Ga. App. 363, the Court of Appeals of Georgia adopted

the construction of the clause "if otherwise permitted by the laws or rules of court of a state" as meaning that state courts may automatically hear TCPA actions unless the state opts out by enacting a law prohibiting such private actions in its courts. The court found to be persuasive the explanation of this clause in *International Science* as giving states the power to reject congressional authorization of private enforcement. The court said that this was legislation intended to benefit the citizens of Georgia, and it saw no reason to construe the TCPA in a manner which would leave its citizens without a remedy.

In *Zelma v. Total Remodeling Inc., supra,* the New Jersey Superior Court found the commonsense meaning of the language " 'if otherwise permitted by the laws or rules of court of a state' manifests a congressional intent that does not condition state court jurisdiction over private enforcement of TCPA claims on an affirmative legislative act creating such jurisdiction, where the state already has the ability to hear such cases." 756 A.2d at 1093. Since the Superior Courts of New Jersey are already vested by Article 6, Section 3, paragraph 2, of the New Jersey Constitution with the jurisdiction to hear these cases, no special legislation is required to enable them to do so. *Id.*

In *Schulman, supra,* the Supreme Court of New York, Appellate Division, rejected the defendant's argument that a private right of action under the TCPA in state court was conditioned on the existence of state statutory or regulatory authority permitting such a private action because such an interpretation of the clause "if otherwise permitted by the laws or rules of court of a state" is inconsistent with established principles governing state court jurisdiction over claims based on fed-

eral laws. 710 N.Y.S.2d at 371. The court relied on the principle that state courts are courts of general jurisdiction that are presumed to have jurisdiction over federally-created causes of action unless Congress dictates otherwise. The court stated that a state court may not refuse jurisdiction over a claim based on federal law if there exists a court of competent jurisdiction to hear the claim:

"We therefore conclude that the phrase, 'if otherwise permitted by the laws or rules of court of a state' merely acknowledges the principle that states have the right to structure their own court systems and that state courts are not obligated to change their procedural rules to accommodate TCPA claims. In the case at bar, Chase has not asserted the existence of any procedural rules which would prevent the Supreme Court from exercising jurisdiction over the plaintiff's claim. Furthermore, the state courts' ordinary jurisdiction includes claims for damages arising under a similar state law directed at telemarketing abuses, General Business Law §399-p." *Id.* at 372.

## ORDER

On February 28, 2001, upon consideration of defendant's preliminary objections, it is ordered that:

(1) plaintiff's claims based on the Pennsylvania Unfair Trade Practices and Consumer Protection Law are dismissed;

(2) defendant's preliminary objections seeking dismissal of plaintiff's claims under the Federal Telephone Consumer Protection Act are overruled; and

(3) arbitration hearing is rescheduled to April 25, 2001 at 9 a.m. o'clock.