COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-225-CV
  
  
MANUFACTURERS AUTO                                                       APPELLANT
LEASING, INC.
 
V.
  
AUTOFLEX LEASING, INC.                                                        APPELLEE
  
------------
 
FROM THE 96th 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. INTRODUCTION
        Autoflex 
Leasing, Inc. (“Autoflex”) sued Manufacturers Auto Leasing, Inc. (“MAL”) 
under the Telephone Consumer Protection Act (“TCPA”), 47 U.S.C.A. § 227 
(West 2001). The trial court granted Autoflex’s partial motion for summary 
judgment and, after a trial, awarded Autoflex damages. We affirm.
II. FACTUAL AND PROCEDURAL 
BACKGROUND
        On 
July 7, 2000, Autoflex, which is a auto leasing business, filed suit against 
three of its competitors, including MAL, seeking damages and an injunction under 
the TCPA[1] in state court after they allegedly 
transmitted numerous unsolicited facsimile advertisements (“fax ads”) to 
Autoflex. All of the unsolicited fax ads at issue were sent after September 1, 
1999, when the Texas Legislature authorized a private right to action in state 
court under the TCPA.  See Tex. Bus. & Com. Code Ann. § 35.47(f) 
(Vernon 2004); Autoflex Leasing, Inc. v. Mfrs. Auto Leasing, Inc., 16 
S.W.3d 815, 817 (Tex. App.—Fort Worth 2000, pet. denied) (holding that 
Autoflex had no claim under the TCPA where the faxes at issue were sent prior to 
August 1998, because it was necessary for the Texas Legislature to enable TCPA 
claims). After the other defendants settled, only MAL remained.
        Autoflex 
filed a motion for partial summary judgment on the merits and the automatic 
liquidated compensatory damages available under the TCPA. MAL filed a 
cross-motion for summary judgment based on two theories: (1) Autoflex failed to 
mitigate its damages; and (2) the TCPA only applies to interstate fax ads. The 
trial court denied MAL’s motion and granted Autoflex’s motion “in all 
things.” The sole matter deferred from the summary judgment motion was whether 
MAL had “willfully or knowingly” violated the TCPA. After a trial on that 
issue, the court found that “[MAL] willfully or knowingly violated the 
TCPA.”
III. TCPA’s APPLICATION 
TO INTRASTATE 
FAX ADS
        In 
its first and second issues, MAL complains that the trial court erred in 
granting Autoflex’s motion for partial summary judgment and denying MAL’s 
cross-motion because the fax ads were sent intrastate and were thereby governed 
by section 35.47 of the Texas Business and Commerce Code and not the TCPA. When 
both parties move for summary judgment and the trial court grants one motion and 
denies the other, the reviewing court should review both parties’ summary 
judgment evidence and determine all questions presented. Dow Chem. Co. v. 
Bright, 89 S.W.3d 602, 605 (Tex. 2002). The reviewing court should render 
the judgment that the trial court should have rendered. Id.
        The 
TCPA makes it “unlawful for any person within the United States to use any 
telephone facsimile machine, computer, or any other device to send an 
unsolicited advertisement to a telephone facsimile machine.” 47 U.S.C.A. §§ 
227(b) & (b)(1)(C). Texas courts that have already directly addressed this 
issue have held that the TCPA covers unsolicited intrastate fax ads. See The 
Chair King, Inc. v. GTE Mobilnet of Houston, Inc., No. 14-00-00711-CV, 2004 
WL 162938, *14 (Tex. App.—Houston [14th Dist.] Jan. 29, 2004, no 
pet. h.) (stating, “the [TCPA’s] language relevant to [intrastate faxes] is 
unambiguous. Therefore, we hold that the TCPA applies to both interstate and 
intrastate facsimile advertisements”); Omnibus Int’l, Inc. v. AT&T, 
Inc., 111 S.W.3d 818, 821 (Tex. App.—Dallas 2003, pet. granted, judgm’t 
vacated w.r.m.) (stating, “federal principles of statutory construction 
dictate that the TCPA applies to intrastate calls because the plain language, 
legislative history, and the Federal Communication Commission’s interpretation 
support such a finding”); see also State v. Am. Blastfax, Inc., 121 F. 
Supp. 2d 1085, 1087 (W.D. Tex. 2000) (agreeing with plaintiff that TCPA’s 
plain language and legislative history show that statute applies to both 
interstate and intrastate faxes); State v. Am. Blastfax, Inc., 159 F. 
Supp. 2d 936, 938 (W.D. Tex. 2001) (holding same). It is clear from the summary 
judgment evidence presented by both parties that MAL violated the TCPA 85 times 
by sending Autoflex 85 unsolicited fax ads. Accordingly, we overrule MAL’s 
first and second issues.
IV. “WILLFULLY OR KNOWINGLY”
        In 
its third issue, MAL complains the trial court erred in finding that it acted 
“willfully and knowingly”[2] and in 
assessing enhanced damages against MAL because the finding was an erroneous 
legal conclusion that is contrary to established legal definitions and is 
against the great weight and preponderance of the credible evidence.[3]  Specifically, MAL argues that (1) the trial court 
applied that wrong standard in awarding enhanced damages and (2) the evidence in 
the record does not support the enhanced damages award.
A. Proper Standard for Enhanced Damages
        Regarding 
enhanced damages, the TCPA provides as follows:
 
[i]f 
the court finds that the defendant willfully or knowingly violated this 
subsection or the regulations prescribed under this subsection, the court may, 
in its discretion, increase the amount of the award to an amount equal to not 
more than 3 times the amount available under subparagraph (B) of this paragraph.
 
47 
U.S.C.A § 277(b)(3) (emphasis supplied). In its judgment and findings of fact 
and conclusions of law, the trial court found that MAL willfully or knowingly 
violated the TCPA. MAL asserts, however, that the correct standard to be applied 
is the “knowingly” or “intentionally” standard found in section 35.47(f) 
of the Texas Business and Commerce Code.  See Tex. Bus. & Com. Code Ann. § 35.47(f). 
Additionally, MAL asks that we construe these undefined terms in its favor by 
looking to Texas consumer protection law.
        MAL 
cites no authority, however, that directs us to ignore the language of the TCPA 
and instead apply the standard in section 35.47(f).  Moreover, questions of 
the substantive rights of parties under the TCPA are matters of federal law. See 
The Chair King, No. 14-00-00711-CV, 2004 WL 162938, *19 (stating, “as to 
the TCPA claims, this case involves a “reverse-Erie” situation, in 
which the substantive law is federal and the procedural law is that of 
Texas”). The [FCC] has interpreted “willful or knowing” under the 
Telecommunications Act (of which the TCPA is a part), as not requiring bad 
faith, but only that the person have reason to know, or should have known, that 
his conduct would violate the statute. State v. Am. Blastfax, Inc., 164 
F. Supp. 2d 892, 899 (W.D. Tex. 2001).  Therefore, the TCPA is willfully or 
knowingly violated when the defendant knows of the TCPA’s prohibitions, knows 
he does not have permission to send a fax ad to the plaintiff, and sends it 
anyway.  We now turn to determine whether the record supports the trial 
court’s finding that MAL acted willfully or knowingly.
B. Support in Record for Enhanced Damages
        Findings 
of fact entered in a case tried to the court have the same force and dignity as 
a jury's answers to jury questions. Anderson v. City of Seven Points, 806 
S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable 
for legal and factual sufficiency of the evidence to support them by the same 
standards that are applied in reviewing evidence supporting a jury's answer. Ortiz 
v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 
S.W.2d 295, 297 (Tex. 1994).
        An 
assertion that the evidence is “insufficient” to support a fact finding 
means that the evidence supporting the finding is so weak or the evidence to the 
contrary is so overwhelming that the answer should be set aside and a new trial 
ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). We are 
required to consider all of the evidence in the case in making this 
determination. Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 
1998), cert. denied, 525 U.S. 1017 (1998).
        Here, 
the evidence shows MAL’s President, Raymond Stafin, was well-aware of the TCPA 
when his company sent unsolicited intrastate fax ads to Autoflex. First, all of 
the unsolicited fax ads at issue were sent after Autoflex’s President, Andy 
Adams, called Stafin, warning Stafin that his company’s unsolicited fax ads 
were being sent in violation of the TCPA. Second, Stafin contends that despite 
his awareness of the TCPA’s prohibitions and the trial court’s ruling that 
MAL’s fax ads were unlawful, his company continued to send unsolicited fax ads 
pursuant to the advice of counsel. Moreover, the evidence also showed that no 
one at MAL, or anyone else to Stafin’s knowledge, ever contacted Autoflex to 
obtain prior express permission to send a fax ad. Stafin also admitted that all 
85 fax ads sent were advertisements approved by his company.
        Based 
on the evidence presented, we conclude the evidence supporting the finding is 
not so weak or the evidence to the contrary so overwhelming that the trial 
court’s finding should be set aside and a new trial ordered. See Garza, 
395 S.W.2d at 823. We overrule MAL’s third issue.
V. MITIGATION OF DAMAGES
        In 
its four, fifth, and sixth issues, MAL argues that the trial court erred in 
awarding Autoflex damages and enhanced damages since the awards were against the 
great weight and preponderance of the evidence, which showed Autoflex failed to 
mitigate its damages by “collecting” the fax ads instead of following the 
statutory method for stopping them provided in section 35.47(d) and on the FCC 
website. MAL, however, fails to cite any persuasive authority to support its 
assertion that a plaintiff in a TCPA case has a duty to ask the violator to stop 
transmitting unsolicited fax ads, and it ignores prior FCC rulings holding just 
the opposite.[4]
        In 
a March 2000 Enforcement Action Letter, the FCC stated:
 
Some 
of the unsolicited facsimile advertisements provide consumers with telephone 
numbers to call to express their desire not to participate in any future polls 
and/or to be removed from the entities’ distribution list(s). Faxing even one 
advertisement, however, constitutes a violation of the TCPA and the 
Commission’s Rules if the sender does not have an established business 
relationship with the recipient and/or the recipient’s prior express consent 
to receive the fax advertisement. Accordingly, recipients of unsolicted 
facsimile advertisements are not required to ask that senders stop transmitting 
such materials.
 
Fed. Comm. 
Comm’n., In re 21st Century Fax(es), Ltd., Enforcement 
Action Letter, Case No. EB-00-TC-001 (March 8, 2000); see Legend Airlines, 
Inc. v. City of Fort Worth, 23 S.W.3d 83, 95 (Tex. App.—Fort Worth 2000, 
pet. denied) (holding that under a clear mandate from the United States Supreme 
Court, the court must give controlling weight to an agency interpretation of a 
federal statute that it administers).  Because Autoflex had no duty to 
contact MAL and ask them to stop violating the TCPA, we conclude that the trial 
court’s award of damages and enhanced damaged is not so contrary to the great 
weight and preponderance of the evidence as to be manifestly unjust.  See 
Gooch, 902 S.W.2d at 184.  We overrule MAL’s four, fifth, and sixth 
points.
VI. PRE-JUDGMENT INTEREST
        In 
its seventh issue, MAL claims that the trial court erred in awarding Autoflex 
prejudgment interest. A trial court’s award of prejudgment interest is 
reviewed under an abuse of discretion standard. Protective Life Ins. Co v. 
Russell, 119 S.W.3d 274, 288 (Tex. App.—Tyler 2003, pet. denied).  
The two legal sources for a prejudgment interest award are (1) general 
principles of equity and (2) an enabling statute. Johnson & Higgins of 
Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 528 (Tex. 1998). The 
enabling statute, section 304.104 of the Texas Finance Code, applies to wrongful 
death, personal injury, and property damage cases. See TEX. FIN. CODE ANN. § 
304.101 (Vernon 1998).  Property damage cases involve actual damage of 
tangible property, not mere economic loss or loss of economic opportunity. See 
Assoc. Tel. Directory Publishers, Inc. v. Five D’s Publ’g Co., 849 
S.W.2d 894, 900 (Tex. App.—Austin 1993, no writ.).  Here, the evidence 
admitted at trial demonstrates that Autoflex’s property was damaged when MAL 
sent 85 unauthorized fax ads, which used up Autoflex’s paper, toner and 
cartridges.  We overrule MAL’s seventh issue.
VII. INDEPENDENT 
CONTRACTOR DEFENSE
        In 
its eighth issue, MAL argues that the trial court committed fundamental error in 
granting Autoflex partial summary judgment and awarding it damages since the 
undisputed evidence showed that the faxes were sent by MAL’s independent 
contractor, American Blastfax. MAL did not raise this complaint in the trial 
court, nor does it cite any legal authority for its position that this ruling 
was fundamental error. See Tex. R. App. P. 33.1, 
38.1(h); Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 
284 (Tex. 1994).  Therefore, it is waived.  We overrule MAL’s eighth 
point.
VIII. CONCLUSION
        Having 
overruled all of MAL’s issues on appeal, we affirm the judgment of the trial 
court.


 
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
PANEL A:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
 
DELIVERED: May 6, 2004


NOTES
1.  
The TCPA authorizes a private right of action for anyone who receives an 
unsolicited facsimile advertisement and permits recovery of $500 for each 
violation of the Act, plus injunctive relief. 47 U.S.C.A. § 227(b)(3). The 
pertinent part of the TCPA provides as follows:
(3) 
Private right of action
A 
person or entity may, if otherwise permitted by the laws or rules of court of a 
State, bring in an appropriate court of that State—
(A) 
an action based on a violation of this subsection or the regulations prescribed 
under this subsection to enjoin such violation,
(B) 
an action to recover for actual monetary loss from such a violation, or to 
receive $500 in damages for each such violation, whichever is greater, or
(C) 
both such actions.
  
Id.  
The TCPA also provides treble damages for willing or knowing violations of the 
TCPA. Id.
2.  
The trial court actually found that MAL acted “willfully or 
knowingly.”
3.  
“Against the great weight and preponderance of the evidence” is the standard 
used when the party with the burden of proof, here Autoflex not MAL, 
challenges the factual sufficiency of the evidence to support the fact 
finder’s “failure to find.” See Gooch v. Am. Sling Co., 902 S.W.2d 
181, 184 (Tex. App.—Fort Worth 1995, no writ.).  When the party without 
the burden of proof on a fact issue complains of the adverse fact finding, that 
party should phrase the issue or point as being one of “insufficient 
evidence” to support the finding. Croucher v. Croucher, 660 S.W.2d 55, 
58 (Tex. 1983). Nonetheless, because the Texas Supreme Court’s practice is to 
liberally construe the issues or points contained in appellate briefs, an 
inappropriately phrased point should be construed as raising a challenge to the 
factual sufficiency of the evidence where the error is “readily apparent from 
the argument briefed.” Pool v. Ford Motor Co., 715 S.W.2d 629, 633 
(Tex. 1986); see TEX. R. APP. P. 38.1(e); see also, e.g., Muhlbauer v. 
Muhlbauer, 686 S.W.2d 366, 368 (Tex. App.—Fort Worth 1985, no writ). 
Therefore, we shall apply the correct standard below.
4.  
First, MAL asks us to ignore the FCC interpretation of the TCPA and instead 
apply the standard in section 35.47(f). As we have previously noted, questions 
of the substantive rights under the TCPA, like whether someone must ask the 
sender to stop transmitting unsolicited fax ads, are matters of federal law. 
Second, MAL cites the FCC website publication “What You Can Do About 
Unsolicited Telephone Marketing Calls and Faxes,” which provides a section for 
consumers to take notes about unsolicited fax ads that reads: “Date I asked 
the sender to stop sending unsolicited advertisements to my fax machine ____.” 
We decline MAL’s invitation to construe this sentence as requiring a recipient 
of an unsolicited fax ad to ask a TCPA violator to stop.