THOMAS MULHERN *vs.* JOHN G. MACLEOD.[1]

Worcester. March 2, 2004. - May 21, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Telephone Consumer Protection Act. Telemarketing Solicitation Act. Constitutional Law,* Supremacy of Federal law, Telephone solicitation. *Jurisdiction,* Federal field.

In a civil action brought by an individual alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (2000), as amended, the judge erred in dismissing the complaint for lack of subject matter jurisdiction, where § 227(b)(3) did not require the passing of enabling legislation before such an action could be brought in a Massachusetts State court. [756-761]

CIVIL ACTION commenced in the Superior Court Department on October 16, 2002.

A motion to dismiss was heard by *John S. McCann,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Edward A. Broderick (Matthew P. McCue* with him) for the plaintiff.

*Michael R. Byrne (William D. Chapman* with him) for the defendant.

*Thomas F. Reilly,* Attorney General, *& Christopher K. Barry-Smith & April C. English,* Assistant Attorneys General, for the Commonwealth, amicus curiae, submitted a brief.

*Robert Biggerstaff,* pro se, amicus curiae, submitted a brief.

MARSHALL, C.J. We consider in this case whether an individual may commence a private action in a Massachusetts State court against telemarketers who violate a Federal statute, the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 (2000), as amended. The appeal arises from the decision

---

[1]Doing business as ABC Mortgage Company.

of a judge in the Superior Court to dismiss for lack of subject matter jurisdiction a class action alleging violations of 47 U.S.C. § 227, filed by the plaintiff, Thomas Mulhern, against the defendant, John G. MacLeod, doing business as ABC Mortgage Company (ABC).

The facts giving rise to this appeal may be summarized briefly. Between December 26, 2000, and January 28, 2002, ABC sent fifteen unsolicited mortgage advertisements to the plaintiff by facsimile transmission, despite receiving a letter from the plaintiff on January 25, 2001, asking ABC to cease doing so. On October 16, 2002, the plaintiff filed suit against ABC, alleging violation of 47 U.S.C. § 227(b)(1)(C),[2] the provision of the TCPA that prohibits sending unsolicited facsimile advertisements. He claimed the right to bring his action under 47 U.S.C. § 227(b)(3),[3] which provides a private right of action in State court for violations of TCPA "if otherwise permitted by the laws or rules of court of a State." ABC filed a motion to dismiss the complaint for lack of subject matter jurisdiction arguing that the language "if otherwise permitted by the laws or rules of court of a State," requires that State courts exercise jurisdiction over private TCPA claims if, and only if, a State Legislature has enacted an "opt in" statute expressly permitting its courts to do so. The General Court of the Commonwealth has not enacted such legislation. The Superior Court judge agreed with ABC, and dismissed the complaint. We granted the plaintiff's application for direct appellate review.

We conclude that 47 U.S.C. § 227(b)(3) does not require a State to pass enabling legislation before private claims may be brought in its State courts. We vacate the dismissal of the

[2]Title 47 U.S.C. § 227(b)(1)(C) (2000), as amended, of the Telephone Consumer Protection Act of 1991 (TCPA) states in relevant part: "It shall be unlawful for any person . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

[3]Title 47 U.S.C. § 227(b)(3) states in relevant part: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State — (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions."

complaint and remand the matter to the Superior Court for further proceedings consistent with this opinion.[4]

*Discussion.* The plaintiff argues that Federal law must be enforced by State courts absent Congress's clear intent to the contrary, and that the language "if otherwise permitted by the laws or rules of court of a State" is nothing more than a recognition by Congress that litigants must comply with State procedural rules when pursuing Federal claims in State courts. The plaintiff also points out that the majority of State courts to consider this issue have rejected ABC's interpretation of the statute. We agree with the decisions of those courts that have rejected an "opt in" interpretation of the TCPA.

"Federal law is enforceable in state courts . . . because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature. The Supremacy Clause makes those laws 'the supreme Law of the Land,' and charges state courts with a coordinate responsibility to enforce that law according to their regular modes of procedure." *Howlett* v. *Rose*, 496 U.S. 356, 367 (1990). The obligation on State courts to hear Federal causes of action is not self-imposed by enabling legislation, but arises under the supremacy clause. See *id.* We therefore begin with the presumption that Federal causes of action are enforceable in the courts of the Commonwealth. See *Gulf Offshore Co.* v. *Mobil Oil Corp.*, 453 U.S. 473, 478 (1981) ("In considering the propriety of state-court jurisdiction over any particular federal claim, the Court begins with the presumption that state courts enjoy concurrent jurisdiction").

In *Gulf Offshore Co.* v. *Mobil Oil Corp.*, *supra*, the Supreme Court said that the presumption of concurrent jurisdiction can

---

[4]Title 47 U.S.C. § 227(c)(5) authorizes a private right of action in State court for violations of regulations of the Federal Communications Commission (FCC), promulgated under 47 U.S.C. § 227(c)(1)-(4), to protect residential telephone subscribers from receiving unwanted telephone solicitations. Pursuant to this statutory mandate, the FCC promulgated 47 C.F.R. § 64.1200(c)(2) (2004), which, together with regulations of the Federal Trade Commission, 16 C.F.R. § 310.4(b)(1)(iii)(B) (2004), established the national do-not-call registry. Although not directly at issue in this case, our decision applies equally to 47 U.S.C. § 227(c)(5), which also authorizes a private right of action in State court, using the same language as 47 U.S.C. § 227(b)(3).

be rebutted by "an explicit statutory directive," an "unmistak-able implication from legislative history," or by "a clear incompatibility between state-court jurisdiction and federal interests." Presumptive State court jurisdiction is compelling where, as under the TCPA, private litigants have no recourse to Federal courts.[5,6]

With those principles in mind, we turn to the language of the statute and its legislative history. The defendant argues that the text of the provision in question, "if otherwise permitted by the laws or rules of court of a State," 47 U.S.C. § 227(b)(3), expressly contemplates enabling legislation, and that remarks by Senator Ernest F. Hollings, the sponsor of the bill, are consistent with this interpretation. We do not agree with either point. The quoted language is far from "an explicit statutory directive" that States must pass enabling legislation. *Gulf Offshore Co.* v. *Mobil Oil Corp.*, *supra* at 478. At a minimum, Congress authorized such law suits "if otherwise permitted" by the "rules of court of a State," a circumstance in which enabling legisla-tion could not have been contemplated. The "if otherwise permitted" language was more likely intended to reflect that Federal claims remain subject to State procedural law: Congress is no doubt aware of the Supreme Court's long-standing recogni-tion that States "have great latitude to establish the structure and jurisdiction of their own courts" and "may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law" (citations omitted). *Howlett* v. *Rose*, *supra* at 372. The TCPA was crafted to accommodate State

---

[5]The TCPA provides three methods of enforcement. The FCC may bring a civil action in Federal court, 47 U.S.C. § 227(f)(3), (7); individual State At-torneys General may bring an enforcement action in Federal court on behalf of their citizens, 47 U.S.C. § 227(f)(1); and individuals may bring actions on their own behalf in State courts, 47 U.S.C. § 227(b)(3), (c)(5). The Federal courts that have considered the issue are in agreement that they have no jurisdiction over private actions under the statute. See, e.g., *Chair King, Inc.* v. *Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997).

[6]There can be no "incompatibility between state-court jurisdiction and federal interests," *Gulf Offshore Co.* v. *Mobil Oil Corp.*, 453 U.S. 473, 478 (1981), where Congress expressly provides for exclusive State court jurisdiction.

interests,[7] while respecting the structure, jurisdiction, and procedural rules of State courts.

Our interpretation is confirmed, not undermined, by Senator Hollings's comments. 137 Cong. Rec. S16204-01, S16205-S16206. After explaining that the bill included a private right of action provision, the Senator said:

> "The bill does not, because of constitutional constraints, dictate to the States *which* court in each State shall be the proper venue for such an action, as this is a matter for State legislators to determine. Nevertheless, it is my hope that States will make it as easy as possible for consumers to bring such actions, preferably in small claims court. . . . I thus expect that the States will act reasonably in permitting their citizens to go to court to enforce this bill." (Emphasis added.) *Id.*

The defendant focuses solely on the last sentence, ignoring that the Senator's remarks are directed to the particular venue in each State for which actions could most beneficially be brought under the TCPA. The Senator apparently considered actions by private litigants an important enforcement mechanism. He therefore expressed his "hope" that, applying their own procedural rules, the States would permit actions to be brought in a forum that would not impose heavy costs on the plaintiffs, such as small claims courts.[8] *Id.* at S16205. We see nothing in these comments, or in any of the other aspects of the legislative

---

[7]There seems little doubt that the TCPA bill was introduced for the benefit of State concerns. S. Rep. No. 102-178, 102d Cong., 1st Sess. (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1970. See *International Science & Tech. Inst., Inc.* v. *Inacom Communications, Inc.,* 106 F.3d 1146, 1154 (4th Cir. 1997) ("although Congress created the private TCPA action, it was from the beginning a cause of action in the states' interest"). At the time of enactment, more than forty States had passed legislation to regulate unsolicited telemarketing, but such legislation was ineffective against interstate calls. S. Rep. No. 102-178, *supra.* Apparently some States had asked Congress to regulate interstate telemarketing, to supplement their own restrictions. The TCPA bill was drafted in response to those requests. See *id.*

[8]Senator Hollings explains: "Unless Congress makes it easier for consumers to obtain damages from those who violate this bill, these abuses will undoubtedly continue. Small claims court or a similar court would allow the consumer to appear before the court without an attorney. The amount of damages in this legislation is set to be fair to both the consumer and the telemarketer. However, it would defeat the purposes of the bill if the at-

history, that creates an "unmistakable implication," *Gulf Offshore Co.* v. *Mobil Oil Corp.*, *supra* at 478, that a State must pass enabling legislation before its courts can exercise jurisdiction over individual enforcement actions.[9] See 137 Cong. Rec. S16204 (1991); S. Rep. No. 102-178, 102d Cong., 1st Sess. (1991), reprinted in 1991 U.S.C.C.A.N. 1968.

Our decision is in accord with nearly all of the other State courts that have considered this issue. See, e.g., *Lary* v. *Flasch Business Consulting*, So. 2d (No. 2020803) (Ala. Civ. App. 2003); *Kaufman* v. *ACS Sys., Inc.*, 110 Cal. App. 4th 886 (2003); *Condon* v. *Office Depot, Inc.*, 855 So. 2d 644 (Fla. Dist. Ct. App. 2003); *Hooters of Augusta, Inc.* v. *Nicholson*, 245 Ga. App. 363 (2000); *Zelma* v. *Market U.S.A.*, 343 N.J. Super. 356 (App. Div. 2001); *Schulman* v. *Chase Manhattan Bank*, 268 A.D. 2d 174 (N.Y. 2000); *Chair King, Inc.* v. *GTE Mobilnet of Houston, Inc.*, S.W.3d (No. 14-00-00711-CV) (Tex. Ct. App. 2004). But see *R.A. Ponte Architects, Ltd.* v. *Investors' Alert, Inc.*, 149 Md. App. 219, cert. granted, 374 Md. 358 (2003); *Autoflex Leasing, Inc.* v. *Manufacturers Auto Leasing, Inc.*, 16 S.W.3d 815 (Tex. Ct. App. 2000).[10]

Decisions by several circuit courts of the United States Court of Appeals regarding private actions under the TCPA are also

torneys' costs to consumers of bringing an action were greater than the potential damages." 137 Cong. Rec. S16204-01, S16205.

[9]While the FCC has so far not addressed this issue directly, statements in at least two "reports and orders" on the rules and regulations implementing the TCPA indicate that the FCC presumes enabling legislation is not required. FCC 03-153, par. 206 (June 26, 2003) ("This language ['if otherwise permitted'] suggests that Congress contemplated that [private actions were] a matter for consumers to pursue in appropriate state courts, subject to those courts' rules"); 7 F.C.C.R. 8752, par. 55 (Sept. 17, 1992) ("Absent state law to the contrary, consumers may immediately file suit in state court . . .").

[10]On August 17, 2000, the Supreme Court of Texas denied review of *Autoflex Leasing, Inc.* v. *Manufacturers Auto Leasing, Inc.*, 16 S.W.3d 815 (Tex. Ct. App. 2000). Under the Texas Rules of Appellate Procedure, review "denied" means that the Supreme Court is not satisfied with the opinion, but has decided there is insufficient reason to revisit it. Tex. R. A. P. 56.1(b)(1) (West 2004). The Texas court may have decided not to revisit the appellate court's decision because the Texas Legislature had in the interim enacted an amendment that expressly authorized a private right of action in State court under the TCPA. Tex. Bus. & Com. Code Ann. § 35.47(f) (West 2002). The other decision supporting the defendant's interpretation, *R.A. Ponte Architects, Ltd.* v. *Investors' Alert, Inc.*, 149 Md. App. 219 (2001), is presently under review by Maryland's highest court, 374 Md. 358 (2003) (certiorari granted).

instructive. Those cases have dealt primarily with whether private TCPA claims may be brought in Federal court. See, e.g., *Chair King, Inc.* v. *Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997). In some of those cases, litigants had argued that conferring exclusive State jurisdiction over TCPA claims would violate the Tenth or Fourteenth Amendments to the United States Constitution. See, e.g., *Foxhall Realty Law Offices, Inc.* v. *Telecommunications Premium Servs., Ltd.*, 156 F.3d 432 (2d Cir. 1998); *International Science & Tech. Inst., Inc.* v. *Inacom Communications, Inc.*, 106 F.3d 1146 (4th Cir. 1997). In uniformly rejecting such arguments, at least two Federal courts have concluded that States may themselves refuse to exercise jurisdiction over private TCPA claims. See *Foxhall Realty Law Offices, Inc.* v. *Telecommunications Premium Servs., Ltd., supra* at 438 ("To the extent that a state decides to prevent its courts from hearing private actions to enforce the TCPA's substantive rights the existence of a private right of action under the TCPA could vary from state to state"); *International Science & Tech. Inst., Inc.* v. *Inacom Communications, Inc., supra* at 1156 ("states may refuse to exercise the jurisdiction authorized by the statute"). We need not decide whether the "if otherwise permitted" language does indeed permit States to refuse jurisdiction over private TCPA claims, i.e., to "opt out" of the Federal enforcement provisions. To the extent there is any merit to that claim, we are aware that in 2002 the General Court enacted the Telemarketing Solicitation Act, G. L. c. 159C, inserted by St. 2002, c. 265, § 1. We presume that the Massachusetts Legislature was aware of the TCPA when it enacted G. L. c. 159C, which itself regulates telemarketing solicitation, including unsolicited facsimile transmissions. *Commonwealth* v. *Russ R.*, 433 Mass. 515, 520 (2001) ("the Legislature is presumed to be aware of existing statutes when it amends a statute or enacts a new one"). General Laws c. 159C, § 13, provides that the "remedies, duties, prohibitions and penalties provided in this chapter shall not be exclusive and shall be in addition to all other causes of action, remedies and penalties provided by law." "[O]ther causes of action, remedies, and penalties" would surely encompass violations of Federal law. At the very least G. L. c. 159C, § 13, demonstrates that the Legislature has af-

firmatively chosen not to close the Commonwealth's courts to private TCPA claims.[11]

*Conclusion.* The Superior Court is competent to hear the plaintiff's claim. See *Administrator of the Office of Price Admin.* v. *Chook,* 320 Mass. 187, 190 (1946) (Superior Court may determine rights based in Federal law if it has jurisdiction to decide rights of like character and class). We vacate the dismissal of the complaint and remand the matter to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[11]We do not view G. L. c. 159C as constituting enabling legislation, but as confirmation that the Legislature has not affirmatively closed the Commonwealth's courts to private TCPA claims. We therefore need not entertain the defendant's suggestion that violations of the TCPA that occurred before G. L. c. 159C was enacted are not actionable.